(No. 58124.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ROBERT H. SMITH, Appellee.

*Opinion filed February 1, 1984.*

UNDERWOOD, J., took no part.

Neil F. Hartigan, Attorney General, of Springfield, and James R. Benson, State's Attorney, of Paxton (Jack Donatelli and Mark L. Rotert, Assistant Attorneys Gen-

eral, of Chicago and Robert J. Biderman and Garry W. Bryan, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Michael R. Cornyn, of Allen & Korkowski & Associates, of Rantoul, for appellee.

JUSTICE SIMON delivered the opinion of the court:

This appeal presents two questions for resolution: Must a one-count information captioned "Reckless Homicide" set forth the element of recklessness in the body of the information? If so, must a challenge to an information which does not allege recklessness be sustained pursuant to *People v. Lutz* (1978), 73 Ill. 2d 204, when raised for the first time in a timely motion in arrest of judgment?

An information filed against the defendant, Robert H. Smith, charged:

"That on the 26th day of July, 1981, in [Ford] County, Robert Smith AKA Snyder committed the offense of Reckless Homicide, in violation of Section 9—3, Chapter 38, Illinois Revised Statutes, in that above defendant did unintentionally kill an individual without lawful justification by committing an act which was likely to cause death or great bodily harm to an individual, said act consisting in the driving of a motor vehicle at an excessive rate of speed resulting in a crash which resulted in the death of Christopher Gulliford Age 22 of Gibson City, said act occurring within the Corporate limits of the City of Gibson Ford County, Illinois."

At trial, counsel for the defendant did not present an opening or closing statement and offered no witnesses or evidence. At the jury-instruction conference, defense counsel's motion to strike all references to recklessness in the instructions offered by the State was denied. However, his tendered instructions concerning speeding and failure to reduce speed to avoid an accident were accepted on the theory that these were lesser-included offenses of reckless

homicide.

The jury found defendant guilty of both reckless homicide and failure to reduce speed to avoid an accident. Defendant thereupon filed a motion in arrest of judgment, asserting for the first time that the information failed to charge reckless homicide because it did not allege that he acted recklessly. The trial judge denied the motion and sentenced him for the offense of reckless homicide. The trial judge also entered a judgment of guilty of failure to reduce speed but imposed no sentence for that offense. The appellate court, with one judge dissenting, reversed the conviction of reckless homicide and remanded the cause for sentencing for failure to reduce speed. (112 Ill. App. 3d 1033.) We granted the State's petition for leave to appeal; in this appeal the defendant does not seek a reversal of his conviction for failure to reduce speed, but requests merely that we affirm the appellate court.

A defendant has the fundamental right, under both the Federal (U.S. Const., amend. VI) and State constitutions (Ill. Const. 1970, art. I, sec. 8), to be informed of "the nature and cause" of criminal accusations made against him. In Illinois this general right is given substance by section 111—3 of the Code of Criminal Procedure of 1963, which states:

"Form of Charge. (a) A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged;

(4) Stating the date and county of the offense as definitely as can be done; and

(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty." (Ill. Rev. Stat. 1981, ch. 38, par. 111—3(a).)

Accordingly, it is not sufficient for an information merely to set forth the name of an offense and cite the statute which defines it as an offense; it must set forth in addition the nature and elements of the offense. (*E.g., People v. Pujoue* (1975), 61 Ill. 2d 335, 338; *People v. Sirinsky* (1970), 47 Ill. 2d 183.) The statute is phrased conjunctively, and in mandatory language: it requires substantial compliance with each of the five steps it enumerates. While the cases in this State have stopped short of requiring absolute compliance with each step, they nonetheless require that a charging instrument give notice of the elements of a charge and particularize it sufficiently with allegations of the essential facts to enable the accused to prepare a defense which, if successful, would bar further prosecution for the same offense. (*People v. Hall* (1982), 96 Ill. 2d 315; *People v. Heard* (1970), 47 Ill. 2d 501; *People v. Shelton* (1969), 42 Ill. 2d 490.) This requirement may be satisfied by proper allegations in the body of the charging instrument even when they vary from the statement of the offense in its caption. (*People v. Sirinsky* (1970), 47 Ill. 2d 183, 187; *People v. Sellers* (1964), 30 Ill. 2d 221, 223; *People v. Shaw* (1921), 300 Ill. 451, 452.) In *People v. Sellers* the court stated, "it is the body of the indictment, rather than the caption, which must specifically state the essential elements of the crime or crimes with which the defendant is charged." 30 Ill. 2d 221, 223.

Adhering to these principles we believe that the information fell short of charging reckless homicide. That crime is defined in the following statute:

> "A person who unintentionally kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly, except in cases in which the cause of the death consists of the driving of a motor vehicle, in which case the person commits reckless homicide." (Ill. Rev. Stat.

1981, ch. 38, par. 9—3(a).)

It requires that the act which causes death be a reckless one, unlike failure to reduce speed to avoid an accident which does not include a state-of-mind requirement. (Ill. Rev. Stat. 1981, ch. 95½, par. 11—601(a); see *In re Vitale* (1978), 71 Ill. 2d 229, 238-39, *vacated and remanded on other grounds sub nom. Illinois v. Vitale* (1980), 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260.) Left open by the information here is the possibility that the act described in it was committed in a negligent but not a reckless manner, as those terms are defined by the criminal code. (Compare section 4—6 of the Criminal Code of 1961 (recklessness involves a conscious disregard of a substantial risk) with section 4—7 (negligence involves a failure to be aware of a substantial risk where such failure is unreasonable) (Ill. Rev. Stat. 1981, ch. 38, pars. 4—6, 4—7).) A reckless state of mind is an integral part of the crime of reckless homicide; recklessness therefore must be alleged in the body of the information. See *People v. Ray* (1972), 5 Ill. App. 3d 624.

The State urges that an information must be read as a whole, an approach which we recently endorsed in *People v. Hall* (1982), 96 Ill. 2d 315, and cites *People v. Williams* (1967), 37 Ill. 2d 521, as authority for the proposition that allegations contained in the caption of a charge may be used to plug gaps in the body of the charge. Neither case is helpful here. In *Hall* we held that a missing allegation necessary for a proper understanding of one count of a multi-count information could be supplied by another count within the body of the information; "reading the information as a whole" in *Hall* entailed no resort to the caption or transferral of essential facts from the title of the charge to the body of the information, as the State suggests is proper here to supply the essential elements. In *Williams* the court permitted the name of the county in which an offense took place to be supplied by the heading of the

charge, which contained a reference to Cook County and a Chicago street address. These references, however, were not a part of the name of the offense, as "reckless homicide" in the instant case is, but were independent pieces of intelligence with informative value of their own, and as such they were the kind of factual matter one would expect to find in the body of the complaint.

The State's contention that the element of recklessness must be inferred from the nature of the acts alleged combined with the fact that the charge set forth is "reckless homicide" lacks merit. First, the acts alleged here, as we have explained, could have been committed negligently rather than recklessly or wantonly (*People v. Ray* (1972), 5 Ill. App. 3d 624). Second, if it were permissible to divine what the State in its brief terms "the plain meaning of [a] charge" from the title of the charge standing alone there would have been no need either for a statute requiring the State to set forth the nature and elements of an offense in addition to naming the offense, or for the admonishment of *People v. Hockaday* (1982), 93 Ill. 2d 279, 282, and *People v. Abrams* (1971), 48 Ill. 2d 446, 458-59, that even a charge phrased in the exact language of the statute alleged to have been violated, which is typically much more detailed than the bare title of the charge, is not automatically valid. These cases are consistent with, but for the purpose of this appeal even more persuasive than, *People v. Pujoue* (1975), 61 Ill. 2d 335, 338, in which this court acknowledged that it was not sufficient to set forth the statutory citation without further particularization of the nature and elements of the offense charged.

The State argues that it is unfair to permit a defendant to put the State through a full trial, familiarize himself thoroughly with its strategy and the strength of its case, and then win a reversal on a motion in arrest of judgment based on a defect in the charging instrument which could have been brought to the State's attention before trial, but

was withheld on purpose. Both parties agree that under *People v. Lutz* (1978), 73 Ill. 2d 204, a challenge of this type must be sustained without a showing that the defect prejudiced the defense, while under *People v. Pujoue* the defendant must show actual prejudice if he raises his challenge for the first time in the appellate court. The State contends that, insofar as the *Lutz* result was motivated by a desire to force prosecutors to draft complete charging instruments, its purpose is undermined by the *Pujoue* holding. It asserts further that *Lutz* is unsound after our holding in *People v. Hall* (1982), 96 Ill. 2d 315, 322-23, that the focus of inquiry must be on the defendant's ability to prepare a defense which would bar further prosecution for the same offense, in view of the likelihood that the defendant's understanding of the charge and his ability to prepare a defense can be ascertained from the record after the trial occurs.

While we do not denigrate these concerns or suggest here that the dichotomy between *Lutz* and *Pujoue* stems from practical considerations, we are not at liberty to tamper with the *Lutz* holding as the State urges we do. That decision sprang, not from a judicial balancing of interests, but from this court's interpretation of legislative intent evidenced by the statute providing for motions in arrest of judgment. Section 116—2 of the Code of Criminal Procedure of 1963 reads:

"Motion in Arrest of Judgment.

(a) A written motion in arrest of judgment shall be filed by the defendant within 30 days following the entry of a verdict or finding of guilty. Reasonable notice of the motion shall be served upon the State.

(b) The court shall grant the motion when:

(1) The indictment, information or complaint does not charge an offense ***." (Ill. Rev. Stat. 1981, ch. 38, par. 116—2.)

In *People v. Gilmore* (1976), 63 Ill. 2d 23, 29, this court held that a conviction based on a defective charge which

was attacked for the first time on appeal would not be reversed if it advised the defendant of "the precise offense charged with sufficient specificity to prepare his defense" and permit him to plead the conviction as a bar to future prosecution. It reached this conclusion on the strength of section 114—1(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—1(b)), a waiver provision relating to motions to dismiss a criminal complaint, and the absence of any provision for nonwaiver at the appellate level comparable to section 116—2. Two years later in *Lutz* the court took the logical next step and gave section 116—2 the literal interpretation contemplated by its mandatory wording and foreshadowed by *Gilmore.* (See *People v. Medreno* (1981), 99 Ill. App. 3d 449.) Section 116—2 remains unaltered by the legislature.

In *Froud v. Celotex Corp.* (1983), 98 Ill. 2d 324, 336, we observed that "[c]onsiderations of *stare decisis* weigh more heavily in the area of statutory construction than in the [common law generally] because such a departure *** amounts to an amendment of the statute itself rather than simply a change in the thinking of the judiciary with respect to common law concepts which are properly under its control." This rationale applies here. This appeal plows the same ground in which *Pujoue, Gilmore, Lutz* and cases relying on them are rooted. If the fruits of that ground seem bitter to those who expect complete harmony in the law, it is for the legislature to provide the sweetener, not this court. The judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICE UNDERWOOD took no part in the consideration or decision of this case.