THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LESTER PENN, Defendant-Appellee.

Fifth District   No. 5—87—0094

Opinion filed August 3, 1988.

180

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Mary M. Menard, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE WELCH delivered the opinion of the court:

The State of Illinois appeals from an order of the circuit court of Jackson County dismissing for failure to state an offense an information charging defendant, Lester Penn, with perjury. We affirm.

Defendant was charged by information on November 13, 1985, and by amended information on March 21, 1986, with the offense of perjury in that his testimony at two different criminal trials was contradictory. The amended information reads essentially as follows:

"In that while under oath or affirmation on July 25, 1985 in a criminal murder proceeding, \* \* \*, where by law such oath or affirmation is required, [defendant] made statements material to the issues, concerning a conversation with Emmett Cooper in an automobile returning to Carbondale from Menard, Illinois as follows in the questions (Q) and answers (A) below:

\* \* \*

then on November 12, 1985 while under oath or affirmation in the criminal murder proceeding, \* \* \*, where by law such oath or affirmation is required, made contradictory statements to his July 25, 1985 testimony on issues material to the points in question in *People v. Emmett Cooper* in that Lester Penn testified as follows in the questions (Q) and answers (A) below:

\* \* \*

all being that a false statement was made on either July 25, 1985 or November 12, 1985, in violation of Chapter 38, Section 32—2, Illinois Revised Statutes, 1983."

The case proceeded to a bench trial on December 5, 1986. Immediately upon the State resting its case, defendant presented a written motion to dismiss the amended information for failure to state an offense because it failed to allege the requisite mental state that defendant did not believe the false statement to be true at the time of its utterance. The court took the motion under advisement and the State was granted leave to, and did, file a response to the motion. The defendant then filed a reply to the State's response. On January 6, 1986, the court granted the defendant's motion to dismiss the information for failure to state an offense in a written order finding that the information failed to allege an essential element of the offense of perjury—the defendant's mental state. The State appeals, arguing that where an information charges perjury by the utterance of contradictory statements, the State need not charge, or prove, defendant's mental state.

■ Section 32—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 32—2) provides:

"(a) A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law such oath or affirmation is required, he makes a false statement, material to the issue or point in question, which he does not believe to be true.

(b) Proof of Falsity.

An indictment or information for perjury alleging that the offender, under oath, has made contradictory statements, material to the issue or point in question, in the same or in different proceedings, where such oath or affirmation is required, need not specify which statement is false. At the trial, the prosecution need not establish which statement is false." Ill. Rev. Stat. 1985, ch. 38, par. 32—2.

■ Section 111—3 of the Code of Criminal Procedure of 1963 requires that a charge be in writing and allege the commission of an offense by, *inter alia*, setting forth the nature and elements of the offense charged. (Ill. Rev. Stat. 1985, ch. 38, par. 111—3(a)(3).) Substantial compliance with this requirement is mandatory (*People v. Smith* (1984), 99 Ill. 2d 467, 471, 459 N.E.2d 1357, 1359), and where a motion to dismiss an information for failure to state an offense is raised in the trial court, it will withstand the attack only where the information strictly complies with the requirements of section 111—3. (*People v. Dyer* (1977), 51 Ill. App. 3d 731, 732, 366 N.E.2d 572, 573.) This is contrary to the less stringent rule that where an information is attacked for the first time on appeal, the information will withstand the attack if it states the elements of the crime with sufficient particularity to apprise the defendant of the crime charged and enable him to prepare his defense, and to permit a resulting conviction or acquittal to be pled in bar of any subsequent prosecution for the same offense. *Dyer*, 51 Ill. App. 3d at 732, 366 N.E.2d at 573.

■ Defendant's motion to dismiss the information in the instant case was made before the trial court. We must, therefore, apply the more stringent test in determining the sufficiency of the information, and the information must give notice of all of the essential elements of the offense charged in order to withstand defendant's motion to dismiss. *People v. Pujoue* (1975), 61 Ill. 2d 335, 338, 335 N.E.2d 437, 439.

■ Section 32—2(a) (Ill. Rev. Stat. 1985, ch. 38, par. 32—2(a)), which defines the offense of perjury, requires that the defendant not believe the false statement to be true. Knowledge of the falsity of the perjured statement at the time of the utterance is therefore an essential element of the crime of perjury (*People v. Taylor* (1972), 6 Ill.

App. 3d 961, 963, 286 N.E.2d 122, 124) and must be alleged in the charging instrument.

The State, relying upon *People v. Ricker* (1970), 45 Ill. 2d 562, 262 N.E.2d 456, and *People v. Mitchell* (1976), 44 Ill. App. 3d 399, 357 N.E.2d 862, argues that section 32—2(b) obviates the need to either prove or charge a mental state because proof of the utterance of two contradictory statements creates a rebuttable presumption that the defendant made a false statement and that he did not believe both statements to be true. That which need not be proved, the State argues, need not be charged. We do not think that *Ricker* stands for this proposition, and to the extent that *Mitchell* does, we find it to be distinguishable.

■■ In *Ricker*, defendant was charged with perjury by the utterance of contradictory testimony before a grand jury and subsequently at trial. On appeal, defendant challenged the constitutionality of section 32—2(b), arguing that it creates an unconstitutional presumption of guilt. The Illinois Supreme Court disagreed. It held that, by definition, contradictory statements cannot both be true. Thus, proof that a person has made contradictory statements proves of itself, without aid of any presumption, that the person has made a false statement. The only presumption created by section 32—2(b) is that the person did not believe both statements to be true. The court held that this is a reasonable rebuttable presumption and is constitutionally permissible. The *Ricker* court was careful to point out, however, that section 32—2(b) does not create a new or different offense from that defined in section 32—2(a). Thus, the defendant's mental state remains an essential element of the offense of perjury. Paragraph (b) merely provides a method of proving perjury as defined in paragraph (a). Under paragraph (b), proof of contradictory statements made under the circumstances mentioned in that paragraph is proof of all the elements of perjury as defined in paragraph (a). Paragraph (b) does not eliminate an element of proof, but merely provides an alternative method of proving an element of the offense. That the defendant knew the false statement was not true at the time of its utterance must still be proved; paragraph (b) merely provides that it may be proved by a rebuttable presumption arising from proof of other facts. Thus, a mental state remains an essential element of the offense of perjury which must be alleged in the charging instrument and proven at trial.

In *Mitchell*, the defendant pleaded guilty to the offense of perjury by the utterance of contradictory statements under section 32—2(b). The defendant did not challenge the sufficiency of the indictment before the trial court, but raised it for the first time on appeal. He ar-

gued on appeal that the indictment was fatally defective because it failed to allege the defendant's mental state. The State argued that under section 32—2(b), it is not necessary for the State to prove the defendant's mental state, and if such need not be proven, it need not be alleged. The appellate court, citing *Ricker*, agreed with the State that it need not prove the defendant's mental state, and that the burden is on the defendant to rebut the presumption that he did not believe both statements to be true.

While the facts of *Mitchell* are similar to those of the case before us, we find a significant difference between them. In *Mitchell*, the sufficiency of the indictment was raised for the first time on appeal. Thus, the more lenient standard of review applied. The court in *Mitchell* pointed out that, where the sufficiency of the indictment is challenged for the first time on appeal, the indictment will be held to be sufficient if it apprised the defendant of the precise offense charged with sufficient specificity to prepare his defense and to show a resulting conviction or acquittal as a bar to future prosecution arising out of the same conduct. The court held that the indictment was specific in the allegation of the contents of the contradictory statements and in identifying the proceedings in which they occurred so that the defendant could both prepare a defense and plead a resulting conviction or acquittal as a bar.

In the case now before us, defendant challenged the sufficiency of the information before the trial court. Therefore, as discussed above, the more stringent standard of review applies. The information was fatally defective because it failed to allege an essential element of the offense, the defendant's mental state. Therefore, the trial court properly dismissed the information.

Finally, the defendant argues in his answer brief that the constitutionality of the rebuttable presumption created by section 32—2(b) should be reexamined in light of more recent decisions of the United States Supreme Court. In light of our disposition, we find it unnecessary to address this argument and decline to do so.

For the foregoing reasons, the order of the circuit court of Jackson County dismissing the information is affirmed.

Affirmed.

HARRISON, P.J., and KARNS, J., concur.