THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
CHARLES A. BEARD, Defendant-Appellee.

Third District   No. 3—89—0180

Opinion filed December 8, 1989.

Stephen Reed, State's Attorney, of Oquawka (Terry A. Mertel, of
State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

James R. Standard, of Standard & Tenold, of Monmouth, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Charles Beard, was charged with reckless homi-
cide, driving under the influence of alcohol, and failure to drive on the
right side of the road. Following a jury trial, the defendant was con-
victed of all three offenses. He was sentenced to a fine of $1,000 and
a one-year term of probation, conditioned on serving six months of
work release, for the charge of driving under the influence of alcohol.
He was fined $100 and costs on the charge of failure to drive on the
right side of the road. However, the defendant's motion in arrest of
judgment was granted as to the reckless homicide conviction, since
the indictment failed to allege that the defendant acted recklessly. The
State appeals the trial court order granting the arrest of judgment.

On appeal, the State argues that subsequent to the Illinois Su-
preme Court's decision in *People v. Smith* (1984), 99 Ill. 2d 467, the
reckless homicide statute was amended so that driving under the in-

fluence of alcohol is *prima facie* evidence of a reckless act. (Ill. Rev. Stat. 1987, ch. 38, par. 9—3(b).) Thus, merely because the word "reckless" did not appear in the body of the indictment, the indictment was not insufficient as a matter of law. We disagree and affirm the trial court decision.

The indictment in the instant case alleges that the defendant committed reckless homicide:

"[I]n that said defendant performed acts likely to cause the death of or great bodily harm to some individual, without legal justification, in that he operated a motor vehicle heading in an Easterly direction along and upon Henderson County Road 700N .2 of a mile West of the intersection of Henderson County Road 700N with Illinois State Route 94, Henderson County, Illinois, *while under the influence of alcohol to such a degree that he was incapable of safely driving,* causing him to lose control of his vehicle and cross the centerline and the opposing lane of traffic and strike a vehicle on the Westbound shoulder of Henderson County Road 700N operated by Debra A. Shields, thereby causing the death of Debra A. Shields in violation of Chapter 38, Section 9—3, Paragraph (a), Illinois Revised Statutes." (Emphasis added.)

The trial court, relying on *People v. Smith* (1984), 99 Ill. 2d 467, found that the body of the indictment must specifically use the term "reckless" to allege the defendant's mental state in a reckless homicide charge. This court finds that a detailed analysis of *Smith* supports the trial court's ruling.

In *Smith,* the defendant was charged with reckless homicide by unintentionally killing an individual without lawful justification, by committing the act of driving a motor vehicle at an excessive rate of speed. The jury found the defendant guilty of the reckless homicide charge. The defendant thereupon filed a motion in arrest of judgment, asserting for the first time that the indictment failed to charge reckless homicide because it did not allege that he acted recklessly. The trial judge denied the motion and sentenced him for the offense of reckless homicide. The appellate court then reversed the conviction of reckless homicide (*People v. Smith* (1983), 112 Ill. App. 3d 1033), and the Illinois Supreme Court affirmed the appellate court.

The Illinois Supreme Court in *Smith* found:

"A reckless state of mind is an integral part of the crime of reckless homicide; recklessness therefore must be alleged in the body of the information." (*Smith,* 99 Ill. 2d at 472.)

The *Smith* court based its ruling on the mandatory language of the

Illinois Code of Criminal Procedure of 1963, which states that an indictment must set forth the nature and elements of the offense. (Ill. Rev. Stat. 1987, ch. 38, par. 111—3(a)(3).) This statutory requirement is based on the public policy that a defendant has a fundamental right to be informed of the "nature and cause" of criminal accusations made against him. U.S. Const., amend. VI; Ill. Const. 1970, art. I, §9.

The *Smith* court further noted that where a motion in arrest of judgment has been granted based on a defect in the indictment, no showing must be made that the defect prejudiced the defendant. (*Smith*, 99 Ill. 2d at 474.) The *Smith* court distinguished this situation from that presented in *People v. Pujoue* (1975), 61 Ill. 2d 335, where a challenge to an indictment is made for the first time in the appellate court and where the defendant is required to show actual prejudice. The *Smith* court differentiated *Pujoue* on the basis of the mandatory language of section 116—2, which provides:

"Motion in Arrest of Judgment.

(a) A written motion in arrest of judgment shall be filed by the defendant within 30 days following the entry of a verdict or finding of guilty. Reasonable notice of the motion shall be served upon the State.

(b) The court shall grant the motion when:

(1) The indictment, information or complaint does not charge an offense ***." (Ill. Rev. Stat. 1981, ch. 38, par. 116—2.)

The *Smith* court, following the reasoning of *People v. Lutz* (1978), 73 Ill. 2d 204, found that the legislative intent of section 116—2 was to require courts to grant a motion in arrest of judgment where a conviction is based on a defective charge, regardless of whether any prejudice is shown. The *Smith* court concluded that if the legislature wanted the courts to extend the *Pujoue* rule of showing actual prejudice to the defendant in ruling on section 116—2 motions, the legislature should change the statute, not the courts.

The State submits, however, that even under the *Smith* holding the indictment in the case at bar was not defective because of the recent amendment to the reckless homicide statute which made driving under the influence of alcohol *prima facie* evidence of a reckless act. (Ill. Rev. Stat. 1987, ch. 38, par. 9—3(b).) The State argues that since the reckless homicide charge in this case alleged that the defendant was driving under the influence of alcohol, it was not necessary to specifically use the term "reckless" in the body of the indictment. We disagree.

The State's indictment omitted the term "reckless" from the body

of the indictment. The *Smith* holding clearly states that in a charge of reckless homicide, recklessness must be alleged in the body of the indictment. The recent amendment to the reckless homicide statute did not change the definition of the elements necessary to charge the offense of reckless homicide. Rather, the recent amendment to the reckless homicide statute merely dealt with evidentiary considerations and the presentations of proofs. Therefore, the State, pursuant to section 116—2 and *Smith*, failed to fairly advise the defendant of the reckless homicide charge by not setting forth the requisite element of recklessness in the body of the indictment.

Accordingly, we affirm the circuit court of Henderson County.

Affirmed.

WOMBACHER, P.J., and SCOTT, J., concur.