NOTICE: Under Supreme Court Rule 367 a party has 21 days after the

filing of the opinion to request a rehearing. Also, opinions are

subject to modification, correction or withdrawal at anytime prior

to issuance of the mandate by the Clerk of the Court. Therefore,

because the following slip opinion is being made available prior to

the Court's final action in this matter, it cannot be considered

the final decision of the Court. The official copy of the following

opinion will be published by the Supreme Court's Reporter of

Decisions in the Official Reports advance sheets following final

action by the Court.

                                    

                  Docket No. 79451--Agenda 6--May 1996.

     THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. SHANDRA NASH

                           et al., Appellees.

                     Opinion filed October 18, 1996.

     JUSTICE HARRISON delivered the opinion of the court:

     Shandra Nash, Richard Fuller, and Michael Johnson were

arrested by Chicago police and charged by complaint with violating

section 25--1(a)(2) of the Criminal Code of 1961, a subsection of

the mob action statute prohibiting "[t]he assembly of 2 or more

persons to do an unlawful act." 720 ILCS 5/25--1(a)(2) (West 1992).

Following a hearing, the circuit court of Cook County dismissed the

complaints, holding that the statute violated the first and

fourteenth amendments of the United States Constitution (U.S.

Const., amends. I, XIV). The State appealed the dismissal pursuant

to Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)), and because a statute

was declared unconstitutional, the appeal was brought directly to

our court (134 Ill. 2d R. 603). We now affirm.

     The facts pertinent to this appeal are undisputed. The

statutory provision at issue here is the same one declared

unconstitutional in 1968 by a three-judge federal district court in

Landry v. Daley, 280 F. Supp. 938, 955 (N.D. Ill. 1968), a decision

which also struck down section 12--6(a)(3) of the Criminal Code of

1961 (Ill. Rev. Stat. 1965, ch. 38, par. 12--6(a)(3)) which

prohibits the intimidation of a person by threats to "[c]ommit any

criminal offense" (Landry, 280 F. Supp. at 964). In ruling as it

did, the Landry court found that subsection (a)(2) of the mob

action statute is facially invalid under the first amendment to the

United States Constitution (U.S. Const., amend. I) because it is

impermissibly vague and overbroad. Landry, 280 F. Supp. at 955. The

court likewise held that subsection (a)(3) of the intimidation

statute was invalid as an overbroad restriction on the first

amendment freedom of speech, although it rejected a vagueness

challenge to the law.

     Based on this judgment, the federal court entered a decree

which "perpetually enjoined and restrained" the State and the City

of Chicago from enforcing or bringing prosecutions under subsection

(a)(2) of the mob action statute and subsection (a)(3) of the

intimidation statute. Although the United States Supreme Court

subsequently reversed the lower court's rulings with respect to

subsection (a)(3) of the intimidation statute, the court's

declaration and injunction invalidating subsection (a)(2) of the

mob action statute were not appealed and remained in effect. Boyle

v. Landry, 401 U.S. 77, 80, 27 L. Ed. 2d 696, 699, 91 S. Ct. 758,

759-60 (1971). Accordingly, when the case was remanded to the

federal district court, that court entered an order vacating the

injunction "insofar as it relates to the intimidation statute," but

specifying that "the said injunction order, in all other respects

[is] to stand."

     In the 25 years that have followed, the General Assembly has

not amended subsection (a)(2) of the mob action statute (now

codified as 720 ILCS 5/25--1(a)(2) (West 1992)), nor has the State

of Illinois or the City of Chicago attempted to have the federal

court's permanent injunction modified, dissolved or set aside on

review. Chicago police have nevertheless continued to make arrests

and the Cook County State's Attorney has persisted in bringing

prosecutions for violation of the law. So it is that Shandra Nash,

Michael Johnson and Richard Fuller came to be named as criminal

defendants in the case before us today.

     The record shows that on April 19, 1995, a group of Chicago

police officers went to 1630 West Albion after allegedly receiving

"numerous complaints of gang and narcotic activity at [that]

address, as well as intimidation of the area citizens." Police

reports indicate that the officers found Nash, Johnson and Fuller

at the West Albion address and arrested them there because "with

other admitted members of the Black P Stone Nation street gang,"

they blocked "the sidewalk impeding the normal flow of pedestrian

traffic causing area citizens to be alarmed."

      Nash, Johnson and Fuller were subsequently charged in

separate, but identically worded, complaints with having violated

subsection (a)(2) of the mob action statute (720 ILCS 5/25--1(a)(2)

(West 1992)). Although that statute prohibits "[t]he assembly of 2

or more persons to do an unlawful act," the complaints alleged that

defendants were actually guilty of having "knowingly by the use of

intimidation, disturbed the public peace." The factual predicate

for this charge, according to the complaints, was "that while

acting with others and without the authority of law, [defendants]

blocked the sidewalk in an apparant [sic] attempt to sell drugs and

promote gang activity."

     Following their arrests, defendants were released on bond and

ordered to appear in court on June 14, 1995, to answer these

charges. At the June 14 hearing, the circuit court appointed the

public defender to represent the defendants. The State advised the

court that it considered the charges viable as written, that it did

not intend to amend the complaints, and that it was ready to

proceed. On the defendants' motion, the circuit court then

dismissed the charges against each defendant. The basis for its

decision was that subsection (a)(2) of the mob action statute was

vague and overbroad in violation of the first and fourteenth

amendments to the United States Constitution (U.S. Const., amends.

I, XIV).

     Because the statute was declared invalid, the State appealed

directly to our court pursuant to Supreme Court Rule 603 (134 Ill.

2d R. 603). Defendants moved to dismiss the appeal on the grounds

that it was barred by the federal injunction entered in Landry

permanently enjoining the State and the City from enforcing the

law. The State responded by arguing that Landry should not prevent

this court from reviewing the constitutionality of the statute

because that decision is based on principles that are no longer

good law; these defendants have no right to invoke the Landry

injunction; and even if they do have the right to invoke it, the

appropriate remedy is for them to seek relief from the federal

courts rather than the courts of Illinois.

     While the motion to dismiss was pending, we granted the City

of Chicago leave to intervene in support of the State. We

subsequently denied the motion to dismiss because we were reluctant

to dispose of the case before it had been fully briefed and argued.

Those steps have now been completed, and the case is now ready for

review.

     In support of their claim that we are not obliged to follow

Landry, the city and the State have cited various authorities, none

of which is dispositive. We have concluded, however, that the issue

of whether we are bound to honor the federal court's injunction is

not necessary to the disposition of this appeal, for there is

another, more fundamental obstacle to the State's prosecution of

the defendants in this case: the sufficiency of the charging

instruments. Even if the injunction was not in effect and did not

have to be obeyed, the charges against the defendants would still

have to be dismissed because the complaints filed against them by

the State are fatally defective under Illinois law.

     Our court has held that "[a] defendant has the fundamental

right, under both the Federal (U.S. Const., amend. VI) and State

constitutions (Ill. Const. 1970, art. I, sec. 8), to be informed of

`the nature and cause' of criminal accusations made against him. In

Illinois this general right is given substance by section 111--3 of

the Code of Criminal Procedure of 1963 [725 ILCS 5/111--3 (West

1992)] ***." People v. Smith, 99 Ill. 2d 467, 470 (1984). That

statute imposes specific pleading requirements for criminal

charges, and where the sufficiency of a charging instrument is

attacked before trial, as in this case, the charging instrument

must strictly comply with those requirements. People v. Thingvold,

145 Ill. 2d 441, 448 (1991).

     Under section 111--3, the charging instrument must set forth

the nature and elements of the offense charged. 725 ILCS 5/111--

3(a)(3) (West 1992). Where the statute defining the offense

specifies the type of conduct prohibited, this requirement is

satisfied if the charging instrument states the offense in the

language of the statute. Where, however, the statute does not

define or describe the act or acts constituting the offense, a

charge couched in the language of the statute is insufficient. The

facts which constitute the crime must be specifically set forth.

See People v. Hughes, 229 Ill. App. 3d 469, 473 (1992).

     The State correctly understood that subsection (a)(2) of the

mob action statute presents one of those situations were the facts

constituting the crime must be specifically set forth. Although the

complaining police officer attempted to meet this requirement when

he filled out the complaint forms, what he produced is a confusing

jumble of allegations insufficient to sustain a prosecution for any

offense.

     As previously indicated, subsection (a)(2) of the mob action

statute prohibits "[t]he assembly of 2 or more persons to do an

unlawful act." 720 ILCS 5/25--1(a)(2) (West 1992). The complaints

here, however, allege something totally different. They charge that

defendants "knowingly by the use of intimidation, disturbed the

public peace."

     A threshold problem with these allegations is that

intimidation and peace disturbance are not the same as unlawful

assembly. Under our criminal code, there is a separate crime of

intimidation (720 ILCS 5/12--6 (West 1992)), and to allege that

someone knowingly, by use of intimidation, disturbed the public

peace suggests the offense of disorderly conduct, which the General

Assembly has defined to include situations where a person

"knowingly *** [d]oes any act in such unreasonable manner as to

alarm or disturb another and to provoke a breach of the peace." 720

ILCS 5/26--1(a)(1) (West 1992).

     To the extent that the complaints invoke the language of the

intimidation and disorderly conduct laws, defendants might well

have imagined that they were actually being charged with one of

those offenses and that the mob action statute was cited by

mistake. There is no dispute, however, that the State had no

intention of basing its prosecution on either the intimidation or

the disorderly conduct laws, nor did it claim that defendants had

conspired (720 ILCS 5/8--2 (West 1992)) or attempted (720 ILCS 5/8-

-4 (West 1992)) to break those laws. In the trial court, the State

was steadfast in its position that it was charging defendants only

with violating subsection (a)(2) of the mob action statute and that

these complaints were sufficient, as written, to charge that crime.

     Aside from this confusion, the allegations that defendants

"knowingly by the use of intimidation, disturbed the public peace"

are too general. They fail to meet the requirement that the facts

constituting the crime must be specifically set forth. Based on

those allegations without more, there would be no way to ascertain

what defendants did that was supposed to be against the law.

     In an effort to identify what it was that defendants had done

wrong, the complaining officer did include some additional

language. As noted earlier, the basis for the accusation that

defendants "knowingly by the use of intimidation, disturbed the

public peace" was "that while acting with others and without the

authority of law, [defendants] blocked the sidewalk in an apparant

[sic] attempt to sell drugs and promote gang activity."

     Although this language may appear to add specificity, it

merely creates an additional layer of difficulty for the State's

case. By its terms, subsection (a)(2) of the mob action statute is

only violated where two or more persons assemble to do an "unlawful

act." 720 ILCS 5/25--1(a)(2) (West 1992). The State and city have

taken the position that the term "unlawful act" as used in this

statute means an act that would violate the Criminal Code of 1961

(720 ILCS 5/1--1 et seq. (West 1992)). Assuming this construction

is correct, the State can prevail only if blocking the sidewalk "in

an apparant [sic] attempt to sell drugs and promote gang activity"

violates some provision of the Criminal Code of 1961 (720 ILCS 5/1-

-1 et seq. (West 1992)). It does not. The State has not cited and

we have not found any section of the Code that would make blocking

a public sidewalk a crime under any set of circumstances.

     We note, moreover, that while drugs are mentioned, the

complaints do not allege that defendants violated any section of

the Illinois Controlled Substances Act (720 ILCS 570/100 et seq.

(West 1992)). Similarly, despite the reference to gang activity,

there is no claim that defendants violated the statute prohibiting

use of criminally unlawful means to solicit or cause a person to

join a gang (720 ILCS 5/12--6.1 (West 1992)). Indeed, the

complaints do not claim that defendants even attempted to engage in

conduct involving drugs or gangs. All it mentions is an "apparant

[sic] attempt to sell drugs and promote gang activity." Apparent

attempts cannot be the basis for criminal liability. Otherwise,

probable cause to arrest would be all that was necessary to support

a conviction. In addition, with respect to the gang activity, the

State cannot punish mere advocacy or forbid, on pain of criminal

punishment, assembly with others merely to advocate activity, even

if that activity is criminal in nature. Brandenburg v. Ohio, 395

U.S. 444, 448-49, 23 L. Ed. 2d 430, 434-35, 89 S. Ct. 1827, 1830

(1969).

     Because the complaints thus fail to properly charge a crime,

we conclude that they were properly dismissed. Although the circuit

court did not rely on this reasoning in entering judgment for the

defendants, that is of no consequence. The question before us on

review is the correctness of the trial court's result, not the

correctness of the reasoning upon which that result was based.

People v. Thompkins, 121 Ill. 2d 401, 428 (1988). Accordingly, we

may affirm for any reason warranted by the record, regardless of

the reasons relied on by the trial judge. See People v. McNair, 138

Ill. App. 3d 920, 923 (1985).

     In light of this disposition, it is unnecessary for us to

reach the issue of whether subsection (a)(2) of the mob action

statute is constitutional. Although this is a direct appeal under

Rule 603 (134 Ill. 2d R. 603), the court will not consider

constitutional issues where, as here, the case can be determined on

other grounds (People v. Mitchell, 155 Ill. 2d 344, 356 (1993)),

even though the case initially came before us because a

constitutional question was involved (see People ex rel. Sklodowski

v. State of Illinois, 162 Ill. 2d 117, 131 (1994); Stigler v. City

of Chicago, 48 Ill. 2d 20, 22 (1971)).

     For the foregoing reasons, the judgment of the circuit court

is affirmed.

 Affirmed.