(Nos. 47691, 47766 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. NORMAN GILMORE, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. WILLIAM HOLLOMAN, Appellee.

*Opinion filed March 18, 1976.*

24

No. 47691.—

Richard R. Wilder, State's Attorney, of Morris and Edward N. Morris, Illinois State's Attorneys Association, Statewide Appellate Assistance Service, of Elgin, for the People.

James Geis, Deputy Defender, Office of State Appellate Defender, of Ottawa (Mary Robinson, Assistant Defender, of counsel), for appellee.

No. 47766.—

William J. Scott, Attorney General, of Springfield, and Patrick E. Ward, State's Attorney, of Dixon (James B.

Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Edward N. Morris, Illinois State's Attorneys Association, Statewide Appellate Assistance Service, of Elgin, of counsel), for the People.

Ralph Ruebner, Deputy Defender, Office of State Appellate Defender, of Elgin (Ira A. Moltz, Assistant Defender, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant Norman L. Gilmore (Docket No. 47691) pleaded guilty in the circuit court of Grundy County to four counts of an information charging burglary and three counts charging forgery and was sentenced to the penitentiary. He appealed and the appellate court reversed the convictions on the forgery counts, affirmed on the burglary counts and remanded for resentencing. (28 Ill. App. 3d 130.) We allowed the People's petition for leave to appeal.

In a jury trial in the circuit court of Lee County, defendant William Holloman (Docket No. 47766) was convicted of forgery and sentenced to the penitentiary. The appellate court reversed (30 Ill. App. 3d 822), and we allowed the People's petition for leave to appeal. The cases present identical issues and were consolidated for opinion.

In each case the judgment was reversed on the ground that although the information (47691) and the indictment (47766) were otherwise sufficient to charge the offense of forgery (Ill. Rev. Stat. 1973, ch. 38, par. 17—3) by means of a check, the failure to set forth the payees named in the checks rendered them fatally defective. In neither case did the defendant attack the information or indictment in the circuit court and the question of their sufficiency was raised for the first time in the appellate court. The facts are adequately set forth in the appellate court opinions and need not be restated.

The People contend that the information and indictment were sufficient to charge the offense of forgery, to inform the defendants, respectively, of the "exact offense" and "to act as a bar to subsequent jeopardy." Defendants contend that in failing to allege the existence or identity of a payee the information and indictment "failed to allege an instrument apparently capable of defrauding" as required by section 17—3 of the Criminal Code and that they are "insufficient to charge an offense or to confer jurisdiction." They argue that prior to our decision in *People v. Pujoue,* 61 Ill.2d 335, this court had consistently held that a defective indictment failed to confer "subject matter" jurisdiction on the circuit court; that the lack of jurisdiction could not be waived and that a judgment of conviction void by reason of such failure of jurisdiction could be attacked at any time.

It is true that there is language in earlier decisions of this court which would appear to support defendants' argument, but their contention that the circuit courts lacked jurisdiction to enter the judgments, and that the judgments are therefore void, will not withstand analysis in the light of the relevant constitutional and statutory provisions. The jurisdiction of the circuit courts in these cases was not "conferred" by the information or indictment; jurisdiction was conferred by the provisions of section 9 of article VI of the Constitution, which provides that the circuit courts have "original jurisdiction of all justiciable matters." The circuit courts have jurisdiction in all cases involving offenses which fall within the ambit of section 1—5 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 1—5), which provides:

"Sec. 1—5. State Criminal Jurisdiction.

(a) A person is subject to prosecution in this State for an offense which he commits, while either within or outside the State, by his own conduct or that of another for which he is legally accountable, if:

(1) The offense is committed either wholly or partly within the State; or

    (2) The conduct outside the State constitutes an attempt to commit an offense within the State; or

    (3) The conduct outside the State constitutes a conspiracy to commit an offense within the State, and an act in furtherance of the conspiracy occurs in the State; or

    (4) The conduct within the State constitutes an attempt, solicitation or conspiracy to commit in another jurisdiction an offense under the laws of both this State and such other jurisdiction.

(b) An offense is committed partly within this State, if either the conduct which is an element of the offense, or the result which is such an element, occurs within the State. In homicide, the 'result' is either the physical contact which causes death, or the death itself; and if the body of a homicide victim is found within the State, the death is presumed to have occurred within the State.

(c) An offense which is based on an omission to perform a duty imposed by the law of this State is committed within the State, regardless of the location of the offender at the time of the omission."

An examination of the statutory scheme shows clearly that failure to charge an offense does not, as contended by defendants, serve to deprive the circuit court of jurisdiction. On the contrary, the relevant statutes draw a clear distinction between the absence of jurisdiction and the failure to state an offense. Section 1—3 of the Criminal Code provides that "No conduct constitutes an offense unless it is described as an offense in this Code, or in another statute of this State." Section 114—1(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 114—1(a)) provides that on written motion made prior to trial an indictment or information may be dismissed on the ground that:

"(6) The court in which the charge has been filed does not have jurisdiction;

    * * *

(8) The charge does not state an offense."

The Committee Comments to section 114—1(a)(6) state:

> "Subsection (a)(6) permits a motion to dismiss where the court lacks jurisdiction. See section 1—5 of the Illinois Criminal Code of 1961 for the substantive provisions."

The Committee Comments to section 114—1(a)(8) state:

> "Subsection (a)(8) permits the motion to dismiss where the charge does not state an offense. In accordance with Article 111, charge refers to the complaint, indictment or information. Since a charge which does not state an offense does not give defendant a full notice of why he is being tried, and the charge will not support a judgment unless an offense is stated therein, due process would be violated and may be attacked at any time. (See section 114—1(b) of this Code; and see generally People v. Clark, 256 Ill. 14, 99 N.E. 866 (1912).)"

Section 114—1(b), to which the Committee Comments refer, provides:

> "(b) The court shall require any motion to dismiss to be filed within a reasonable time after the defendant has been arraigned. Any motion not filed within such time or an extension thereof shall not be considered by the court and the grounds therefor, except as to subsections (a)(6) and (a)(8) of this Section, are waived."

The legislative intent concerning the nonwaiver of the grounds for dismissal in sections 114—1(a)(6) and 114—1(a)(8) clearly was that even though not raised by pretrial motion they could be raised by motion in arrest of judgment. To that end section 116—2 of the Code of Criminal Procedure provides that following a verdict or finding of guilty judgment may be arrested when:

> "(1) The indictment, information or complaint does not charge an offense, or
> (2) The court is without jurisdiction of the cause."

No similar statutory provision was made for nonwaiver at the appellate level.

This court, in cases too numerous to list, has consistently held that due process requires that an indictment or information must apprise the defendant of the precise offense charged with sufficient specificity to enable him to prepare his defense and allow the pleading of the

judgment as a bar to future prosecution arising out of the same conduct. (*West v. People,* 137 Ill. 189; *Cochran v. People,* 175 Ill. 28.) The form of a charge, insofar as is relevant here, is prescribed in section 111—3(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—3(a)), which provides:

"Sec. 111—3. Form of Charge.

(a) A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged; ***."

The precise allegations required, however, may vary with the statutory provisions and the nature of the offense. *People v. Wallace,* 57 Ill.2d 285; *People v. Mahle,* 57 Ill.2d 279; *People v. Aud,* 52 Ill.2d 368; *Cochran v. People,* 175 Ill. 28.

These records do not present the question and we do not decide whether the information and indictment could withstand pretrial motions filed pursuant to section 114—1 or motions in arrest of judgment filed pursuant to section 116—2 of the Code of Criminal Procedure. While we do not approve, and indeed find it difficult to understand, failure to strictly comply with the explicitly stated requirements of section 111—3(a) of the Code of Criminal Procedure, the sufficiency of an information or indictment attacked for the first time on appeal is not to be determined by whether its form follows precisely the provisions of the statute. When attacked for the first time on appeal an information or indictment is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. *People v. Grant,* 57 Ill.2d 264, *People v. Harvey,* 53 Ill.2d 585.

The informations in Docket No. 47691 charged that

defendant, with the intent to defraud, knowingly made and delivered checks "apparently capable of defrauding another in such manner that it [they] purported to have been made by James A. Peterson." The informations alleged the dates of the occurrences, the name of the bank on which the checks were drawn and the amount of the forged checks. The transcripts of the proceedings had at the preliminary hearing to establish probable cause and when defendant entered the negotiated plea of guilty show that the payee named in each of the checks was C. D. Davis. The transcripts show that the informations apprised defendant of the precise charge with sufficient specificity to enable him to prepare a defense, or, as occurred here, to know without question the precise charge to which he pleaded guilty.

The indictment in Docket No. 47766 charged that defendant, with the intent to defraud, "knowingly made a check, a document apparently capable of defrauding another in such manner that it purported to have been made by Jim Jenkins." It alleged the date of the occurrence, the name of the bank on which the check was drawn and the amount of the forged check. The transcripts of the proceedings had at the preliminary hearing to establish probable cause and at trial show that the payee named in the check was National Food Store. The trial transcript further shows that the check was offered and admitted into evidence, that defendant denied the making of the check and that the failure to name the payee in the indictment in no way prejudiced his defense to the charge.

This leaves for consideration the question whether these convictions could be pleaded in bar of a subsequent prosecution. As we said in *People v. Jones,* 53 Ill.2d 460, 464, "the time when an indictment defined the limits of jeopardy has passed and a prior prosecution on the same facts may be proved by resort to the record. (See, *e.g., People v. Jankowski* (1945), 391 Ill. 298, 302.)" "Resort to the record" in these cases shows clearly that the

offenses of which defendants were convicted are specifically identifiable and can be pleaded in bar of subsequent prosecutions.

For the reasons set forth the appellate court judgments are reversed and the judgments of the circuit courts of Grundy and Lee Counties are affirmed.

*Appellate court reversed;*
*circuit courts affirmed.*