THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JOSEPH A. FOX *et al.*, Defendants-Appellees.

Fourth District No. 4—83—0070

Opinion filed September 27, 1983.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman and Howard Hood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellees.

JUSTICE TRAPP delivered the opinion of the court:

The defendants were charged by information with the offense of obstructing a peace officer. (Ill. Rev. Stat. 1981, ch. 38, par. 31—1.) On the date of the bench trial, defendants' counsel orally moved for dismissal on the ground that the information failed to state an offense. After objection by the State and arguments, the trial court granted the motion to dismiss. The State appeals pursuant to Supreme Court Rule 604 (87 Ill. 2d R. 604). We affirm.

The single question presented for review in this case is whether a charge alleging the offense of obstructing a peace officer must contain language describing the physical acts alleged to have obstructed the officer. The State argues that a description of the physical acts is not required. We disagree.

Defendants were charged as follows:

"[T]hat Joseph A. Fox & Debbie Sue Pate on the 12th day of December, 1982 at and within the said County of Vermilion and

the State of Illinois, committed the offense of OBSTRUCTING A PEACE OFFICER, in that they then and there knowing Myron Deckard to be a peace officer did knowingly obstruct said officer *by attempting to conceal the whereabouts of Joe L. Pate* after being informed that said officer had a warrant for the arrest of Joe L. Pate and knowing the whereabouts of Joe L. Pate, said officer in the performance of an act within his official capacity, to-wit: the arrest of Joe L. Pate, in violation of Illinois Revised Statutes, Chapter 38, Section 31—1." (Emphasis added.)

The form of the charge is prescribed in section 111—3(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 111—3). The precise allegations required, however, may vary with the statutory provisions and the nature of the offense. *People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171; *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456.

The State relies on the Illinois Supreme Court's decision in *McQuoid v. People* (1846), 8 Ill. (3 Gil.) 76, wherein the court considered an indictment for resisting an officer in the service of process. The defendant attacked the indictment on several grounds, one of which was the failure to describe the manner in which the officer was opposed or resisted. The court rejected that argument and stated that it would frequently be impossible to set out in an indictment the manner in which an officer was opposed in the execution of process and that the particular act and circumstances of obstruction were properly matters of evidence. We conclude that *McQuoid* has been implicitly overruled by more recent decisions of the court. *People v. Green* (1938), 368 Ill. 242, 13 N.E.2d 278, involved an information charging reckless driving. Many acts fall within the ambit of the reckless driving statute, but the information did not allege facts from which the defendant could determine the acts with which he was charged. The court found the information was insufficient and void. *People v. Griffin* (1967), 36 Ill. 2d 430, 223 N.E.2d 158, also involved an information charging reckless driving. The court opined unless a defendant is advised of the particular acts relied upon to sustain the charge of reckless driving, he is not advised of the nature and elements of the offense and is not afforded the full protection against double jeopardy contemplated by the constitution. Where a defendant pleads guilty to a general charge of reckless driving without a trial, it may not be possible to determine what specific acts were included offenses. The court found the charge insufficient. In *People v. Aud* (1972), 52 Ill. 2d 368, 288 N.E.2d 453, the court found indictments charging perjury to

be insufficient for failure to include the alleged perjurious statements. The court held that in perjury the words used are an integral part of the offense without which the charge is void.

In *People v. Hayes* (1979), 75 Ill. App. 3d 822, 394 N.E.2d 80, the second district found that a complaint charging reckless conduct in the language of the statute did not adequately particularize the offense with which defendant was charged. The court stated that where conduct giving rise to a charge is not described in particularity within the statute, or where statutory language may encompass conduct not intended to be punished under the statute, a complaint charged solely in the language of the statute is insufficient and will not support a judgment of conviction. The court held that the reckless conduct statute, like the reckless driving statute in *Green* and *Griffin*, was so general that the charging instrument must provide more specific details of the alleged criminal conduct than those contained in the statute itself. In *People v. Leach* (1972), 3 Ill. App. 3d 389, 279 N.E.2d 450, the first district held that a complaint charging the defendant with resisting or obstructing a peace officer in the language of the statute was not sufficient. The court found that the language of section 31—1 does not particularize the offense or describe the acts which constitute the crime. Ill. Rev. Stat. 1981, ch. 38, par. 31—1.

 In this case, the charge was framed in terms more specific than those of the statute. We conclude, however, that the phrasing of the charge, "attempting to conceal the whereabouts," does not sufficiently describe the act or acts which form the basis of this charge so as to afford the defendant the full protection against double jeopardy contemplated by the constitution. *Griffin.*

 The State is not required to plead evidentiary details in an indictment (*People v. Drink* (1967), 85 Ill. App. 2d 202, 229 N.E.2d 409 (indictment need not describe the particular method by which attempted murder is committed)); certain insufficiencies in a charge may be cured by a bill of particulars (*People v. Meaderds* (1961), 21 Ill. 2d 145, 171 N.E.2d 638, *cert. denied* (1961), 366 U.S. 939, 6 L. Ed. 2d 850, 81 S. Ct. 1667 (amount of narcotics in charge of unlawful possession of narcotic drugs); *People v. Blanchett* (1965), 33 Ill. 2d 527, 212 N.E.2d 97 (specificity with which time and place are alleged)); and some terms are so commonly understood that the failure to set forth the acts charged in detail may not be fatal (*People v. Grieco* (1970), 44 Ill. 2d 407, 255 N.E.2d 897, *cert. denied* (1970), 400 U.S. 825, 27 L. Ed. 2d 54, 91 S. Ct. 49 (battery); *People v. Ballard* (1978), 65 Ill. App. 3d 831, 382 N.E.2d 800, *cert. denied* (1979), 444 U.S. 925, 62 L. Ed. 2d 180, 100 S. Ct. 262 (theft)). We find that the

deficiency in this case, however, goes to the nature and elements of the offense—a failure which renders the charge void.

Affirmed.

GREEN and MILLER, JJ., concur.