THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEORA MOORE, Defendant-Appellant.

Third District   No. 3—83—0299

Opinion filed January 31, 1984.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Leora Moore was charged with aggravated battery of a child, cruelty to children and endangering the life or health of a child. After dismissal of the first two counts by the trial judge, Moore was convicted of endangering the life or health of a child. (Ill. Rev. Stat. 1981, ch. 23, par. 2354.) She was sentenced to a one-year term of probation with the first 90 days to be served in the Peoria County jail.

After the conviction, Moore filed a motion in arrest of judgment alleging the indictment failed to properly state a necessary element of the offense of endangering the life or health of a child. The motion was denied. Moore appeals.

■ Although the State has conceded that the indictment did not properly state the intent element of the offense, this does not dispose of the appeal because Moore also raised as an issue that the evidence was insufficient to sustain an endangerment charge. This count must be decided because to merely rule upon the sufficiency of the indictment risks a double jeopardy violation should the charge be refiled.

The Illinois Supreme Court's decision in *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366, mandates that a court review on sufficiency grounds. The failure to so review denies the defendant an op-

portunity to have a verdict of acquittal entered on his behalf. The defendant in the *Taylor* case sought review of several issues among which was a review on sufficiency grounds. The appellate court reversed because a confession had been admitted which should have been suppressed but refused to review the sufficiency of evidence question. The Illinois Supreme Court found that the appellate court must review the defendant's sufficiency contention or risk subjecting defendant to double jeopardy. (*People v. Taylor* (1979), 76 Ill. 2d 289, 309, 391 N.E.2d 366, 374.) *People v. Taylor* cannot be distinguished from this case because the defendant in this case filed a motion in arrest of judgment rather than moving for a retrial because although a motion in arrest of judgment is not an outright request for a new trial, the State is virtually certain to reindict the defendant. Otherwise, the defendant in this case like the defendant in *Taylor* would be forced to forego her right to have a verdict of acquittal entered in her favor.

Like the court in *Taylor,* we find that *Burks v. United States* (1978), 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141, is directly applicable to this case. In the *Burks* case, the Supreme Court for the first time distinguished between double jeopardy when a reversal was based solely upon trial error and those reversals based upon insufficiency of evidence. The Supreme Court in *Burks* discussed at length its previous double jeopardy decisions. Among those cases discussed was *Ball v. United States* (1896), 163 U.S. 662, 41 L.Ed. 300, 16 S. Ct. 1192, a case where the defendant was convicted on a fatally defective indictment. In distinguishing the *Burks* case from *Ball v. United States,* the Supreme Court in *Burks* made a point of the fact that *Ball* typified a reversal for trial error only and therefore, a retrial would not violate the double jeopardy clause. *Burks v. United States* on the other hand included a claim that the evidence at trial was insufficient to sustain the verdict. The appellate court had reversed on the grounds of trial error only and granted a retrial ignoring defendant's claim that the evidence at the initial trial was insufficient. In reversing the appellate court the Supreme Court reasoned that:

> "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." (*Burks v. United States* (1978), 437 U.S. 1, 11, 57 L. Ed. 2d 1, 9, 98 S. Ct. 2141, 2147.)

Such a danger clearly exists when an appellate court reviews and reverses on the basis of trial error and ignores a claim that there was insufficient evidence to sustain a verdict.

The United States Supreme Court recognized that reversal on sufficiency grounds demands that a judgment of acquittal be entered for the defendant. A failure to review on sufficiency grounds, therefore, denies a defendant an opportunity to be acquitted. No person should be denied the right to acquittal because he also moved for a new trial. If we do not consider the sufficiency-of-evidence issue in this case, the defendant is forced to waive his right to have a verdict of acquittal entered on his behalf.

■ We are not persuaded by the reasoning of the court in *People v. Miller* (1983), 116 Ill. App. 3d 361, 452 N.E.2d 391, that a defective indictment does not confer jurisdiction upon the trial court, and, therefore, that a defendant who has been convicted on a defective indictment was never legally in jeopardy. This is no longer the law in the State of Illinois. In *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, the Illinois Supreme Court refused to accept earlier court decisions which supported the proposition that a defective indictment failed to confer "subject matter" jurisdiction upon the circuit court. The Illinois Supreme Court found that jurisdiction was conferred by the Illinois Constitution, section 9, article VI, rather than by the indictment. (63 Ill. 2d 23, 26, 344 N.E.2d 456, 458.) The Illinois Supreme Court therefore, rejected the lack of jurisdiction argument and reasserted the principles governing subject matter jurisdiction which are too frequently ignored or overlooked when "jurisdiction" is questioned. We find that an indictment which fails to state an element of an offense is neither void nor does a court dealing with such an indictment lack jurisdiction.

■ We have, therefore, reviewed the sufficiency of the evidence in this case and find that it was insufficient to sustain a conviction for endangering the life or health of a child. The only proof in this case is that Leora Moore spanked her daughter when she returned to assume care and custody of LaDonna in June of 1982. This was undisputedly after LaDonna had received the burns on her buttocks. The principal evidence in this case was the testimony of LaDonna—much of which was not considered by the judge due to its unreliability. LaDonna's testimony was contradictory and also conflicted with testimony given in a prior proceeding. The medical evidence was inconclusive as to when the wounds which caused the scars on LaDonna's back and legs were inflicted or exactly how they were inflicted. There was no significant evidence that the burns were not healed at the time Leora spanked her daughter or that she used anything but her hand. The evidence certainly does not establish the wilful nature of the defendant's conduct.

We consider child abuse a very serious offense and certainly do not condone in any way what happened to LaDonna Moore. There simply was not enough evidence in this case to sustain the conviction.

We, therefore, reverse the circuit court of Peoria County and ask the court to enter a judgment of acquittal.

Reversed.

SCOTT and HEIPLE, JJ., concur.