THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LARRY HUGHES, Defendant-Appellee.

Fourth District   No. 4—91—0787

Opinion filed May 14, 1992.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and Rebecca White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Lisa C. Lovelace, Assistant Public Defender, of Danville, for appellee.

JUSTICE COOK delivered the opinion of the court:

On January 8, 1991, defendant Larry Hughes was charged by information in Vermilion County case No. 91—CM—26 as follows:

> "In that he then and there knowing Inv. Jerry Davis, to be a peace officer did knowingly obstruct said officer in the performance of an act within his official capacity, to wit: while trying to

service [*sic*] an arrest notice to David Hughes, in violation of Illinois Revised Statutes, Chapter 38, Section 31—1."

A bench trial was held on August 20, 1991. After the evidence was completed defendant made a motion for directed verdict, which was denied. Defendant was found guilty of obstructing a peace officer, a Class A misdemeanor (Ill. Rev. Stat. 1989, ch. 38, par. 31—1). On August 23, 1991, defendant filed a motion in arrest of judgment claiming that the information did not charge an offense in that it failed to set forth the nature and elements of the offense as required by section 116—2(c) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 116—2(c)). Relying on *People v. Fox* (1983), 117 Ill. App. 3d 1084, 454 N.E.2d 824, the trial court entered an order allowing the motion in arrest of judgment. The State appeals. We affirm.

When an information is attacked before trial the information must strictly comply with the pleading requirements set out in section 111—3(a) of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 111—3(a)). *People v. Thingvold* (1991), 145 Ill. 2d 441, 448, 584 N.E.2d 89, 91-92.

"A defendant has the fundamental right, under both the Federal (U.S. Const., amend. VI) and State constitutions (Ill. Const. 1970, art. I, sec. 8), to be informed of 'the nature and cause' of criminal accusations made against him. In Illinois this general right is given substance by section 111—3(a) of the Code ***." *People v. Smith* (1984), 99 Ill. 2d 467, 470, 459 N.E.2d 1357, 1359.

Section 111—3(a) of the Code provides specific requirements for criminal charges:

"(a) A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged;

(4) Stating the date and county of the offense as definitely as can be done; and

(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty." Ill. Rev. Stat. 1989, ch. 38, par. 111—3(a).

When attacked for the first time on appeal, however, the sufficiency of an information is not determined by whether its form pre-

cisely follows the provisions of section 111—3(a) of the Code. (*People v. Gilmore* (1976), 63 Ill. 2d 23, 29, 344 N.E.2d 456, 460.) Rather, it is sufficient that the information "apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." (*People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440; see also *Thingvold*, 145 Ill. 2d at 448, 584 N.E.2d at 91.) "In other words, the appellate court should consider whether the defect in the information or indictment prejudiced the defendant in preparing his defense." (*Thingvold*, 145 Ill. 2d at 448, 584 N.E.2d at 91; see also *Pujoue*, 61 Ill. 2d at 339-40, 335 N.E.2d at 440.) The appellate sufficiency standard follows the requirements of the due process clause. (*Gilmore*, 63 Ill. 2d at 28-29, 344 N.E.2d at 460.) Before *Pujoue* it was often said that a defective indictment failed to confer "subject-matter" jurisdiction, that the lack of jurisdiction could not be waived, and that any resulting conviction was void and could be attacked at any time. (*Gilmore*, 63 Ill. 2d at 26, 344 N.E.2d at 458.) Failure to allege an element of the offense in the complaint does not necessarily violate the appellate sufficiency standard. (*Pujoue*, 61 Ill. 2d at 339, 335 N.E.2d at 440.) This is not to say that the supreme court approves of a failure to comply with section 111—3(a) of the Code. *Gilmore*, 63 Ill. 2d at 29, 344 N.E.2d at 460; *Pujoue*, 61 Ill. 2d at 339, 335 N.E.2d at 440.

In *People v. Lutz* (1978), 73 Ill. 2d 204, 210, 383 N.E.2d 171, 173, the supreme court concluded that the appellate sufficiency standard applied in *Pujoue* should not be applied to defective pleadings challenged by a motion in arrest of judgment; an indictment challenged by a motion in arrest of judgment was required to charge the nature and elements of the offense as required by section 111—3(a)(3) of the Code (see Ill. Rev. Stat. 1973, ch. 38, par. 111—3(a)(3)). In *Smith*, the supreme court recognized that the reasons for a different standard on appeal might apply with equal force to motions in arrest of judgment, but followed the holding in *Lutz*, stating: "If [this decision seems] bitter to those who expect complete harmony in the law, it is for the legislature to provide the sweetener, not this court." *Smith*, 99 Ill. 2d at 475, 459 N.E.2d at 1361.

Since *Smith* the legislature has acted, by an amendment effective August 30, 1989, (see Pub. Act 86—391, eff. Aug. 30, 1989 (1989 Ill. Laws 2495)) to add the following subsection to section 116—2 of the Code:

> "(c) A motion in arrest of judgment attacking the indictment, information, or complaint on the ground that it does not charge

an offense shall be denied if the indictment, information or complaint *apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution out of the same conduct.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 116—2(c).)

The emphasized language is nearly a direct quote of the appellate sufficiency standard as stated in *Pujoue* (61 Ill. 2d at 339, 335 N.E.2d at 440). The legislative change discussed in *Smith* has taken place, and therefore the standard used to determine the sufficiency of an indictment, information, or complaint when raised in a motion in arrest of judgment is now the same as when raised for the first time on appeal.

■ A number of cases have discussed the sufficiency of a charge alleging obstruction of a peace officer, applying the test of section 111—3(a) of the Code. The statute defining the offense of obstructing a peace officer (Ill. Rev. Stat. 1989, ch. 38, par. 31—1) is in general terms; it does not particularize the offense and does not describe the acts which constitute the crime. (*People v. Leach* (1972), 3 Ill. App. 3d 389, 394, 279 N.E.2d 450, 453; *Fox*, 117 Ill. App. 3d at 1086, 454 N.E.2d at 826.) Where the statute defining an offense specifies the type of conduct prohibited, the particular act at issue need not be alleged, and the information may simply set out the offense in the language of the statute. (*People v. Gerdes* (1988), 173 Ill. App. 3d 1024, 527 N.E.2d 1310; *People v. Yarbrough* (1987), 162 Ill. App. 3d 748, 516 N.E.2d 607.) Where, on the other hand, the statute defines the offense in general terms, a charge couched in the language of the statute is insufficient, and the facts which constitute the crime must be specifically set forth. (*Gerdes*, 173 Ill. App. 3d 1024, 527 N.E.2d 1310; *Yarbrough*, 162 Ill. App. 3d 748, 516 N.E.2d 607.) A conviction for resisting or obstructing a peace officer requires an act of physical resistance or obstruction. (*People v. Pruitt* (1988), 166 Ill. App. 3d 679, 520 N.E.2d 1113; *People v. Stoudt* (1990), 198 Ill. App. 3d 124, 555 N.E.2d 825.) A complaint charging the defendant with resisting or obstructing a peace officer solely in the language of the statute is not sufficient. (*Leach*, 3 Ill. App. 3d at 395, 279 N.E.2d at 454.) The charge must contain language describing the act(s) alleged to have obstructed the officer. *Fox*, 117 Ill. App. 3d at 1084, 454 N.E.2d at 825.

These cases are helpful in determining whether the motion in arrest of judgment in this case met the appellate sufficiency test. Although *Fox* was decided under section 111—3(a) of the Code, that court held that the charge did not particularize the offense or describe the acts which constituted the crime, and that the language used did

not sufficiently describe defendant's acts so as to afford him the full protection of the double jeopardy clause. (*Fox*, 117 Ill. App. 3d at 1086, 454 N.E.2d at 826.) The findings in *Fox* support the decision of the trial court in this case, since the motion in arrest of judgment analysis in *Fox* met the appellate sufficiency standard now articulated in section 116—2(c) of the Code.

▉ The information in this case did not apprise defendant of the precise offense charged. From the information it is impossible to ascertain what act of obstruction defendant is charged with. In addition, it is not clear from the record whether a conviction based on the information would be a bar to future prosecution arising out of the same conduct. We could look to the record of proceedings to determine whether defendant is adequately protected against double jeopardy (*People v. Allen* (1974), 56 Ill. 2d 536, 543, 309 N.E.2d 544, 548; *People v. Maxwell* (1992), 148 Ill. 2d 116, 138-39), but the State included only the common law record in the record on appeal. It is the responsibility of appellant to have prepared and submitted to this court a record sufficient to allow the review of an issue. *People v. Foster* (1990), 199 Ill. App. 3d 372, 377, 556 N.E.2d 1289, 1292; *People v. Moore* (1991), 215 Ill. App. 3d 836, 848, 576 N.E.2d 900, 908; *People v. Jackson* (1991), 145 Ill. 2d 43, 92, 582 N.E.2d 125, 148; *cf.* 134 Ill. 2d R. 608 (duty of clerk of circuit court to prepare record on appeal in criminal cases).

The charging instrument here did not meet the appellate sufficiency standard in section 116—2(c) of the Code; therefore, the trial court properly granted defendant's motion in arrest of judgment. We note that after a motion in arrest of judgment is granted the State is not estopped from filing a new information against the defendant (*People v. Miller* (1983), 116 Ill. App. 3d 361, 368, 452 N.E.2d 391, 396), at least where no question is raised as to the sufficiency of the evidence to sustain the conviction. (*People v. Moore* (1984), 121 Ill. App. 3d 570, 573, 459 N.E.2d 1120, 1121-22; see also *Thingvold*, 145 Ill. 2d at 450, 584 N.E.2d at 92 (where a conviction is reversed because of a defective charge under section 111—3(a) of the Code, State may opt to recharge defendant).) We affirm the trial court's ruling.

Affirmed.

KNECHT and LUND, JJ., concur.