THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TONY P. JANOWSKI, Defendant-Appellee.

Fourth District   Nos. 4—95—0193, 4—95—0194 cons.

Opinion filed May 9, 1996.

Timothy J. Huyett, State's Attorney, of Lincoln (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Janieen R. Tarrance, both of State Appellate Defender's Office, of Springfield, for appellee.

PRESIDING JUSTICE COOK delivered the opinion of the court:

This court is asked to determine what must be pleaded to state an offense under section 5—25(a) of the Fish and Aquatic Life Code (Code) (515 ILCS 5/5—25(a) (West 1992)).

Defendant Tony P. Janowski was charged by information with unlawful possession of protected aquatic life for commercial purposes, a Class 3 felony, in violation of section 5—25(a) of the Code. 515 ILCS 5/5—25(a) (West 1992). The information alleged defendant "for profit or commercial purposes knowingly possessed aquatic life protected by the fish code of Illinois contrary to the provisions of that code in

that said defendant possessed turtles and snakes valued in excess of $300.00." The State also filed a complaint for forfeiture of defendant's 1987 Toyota van based upon its use in the commission of the offense.

Defendant moved to dismiss both the information and the complaint for forfeiture because they failed to allege that the aquatic life "was taken from waters and lands wholly or in part within the boundaries of the State of Illinois as required by 515 ILCS 5/10—75 [(West 1992)]."

At the hearings on defendant's motions to dismiss, the State contended that section 10—75 of the Code was inapplicable to the charged offense, and thus the State did not need to allege that defendant possessed aquatic life from waters wholly or partially in Illinois. The trial court stated that since the statute was vague and unclear, the question should be resolved in defendant's favor. Accordingly, the trial court dismissed the complaint for forfeiture and the criminal information. The State appeals both dismissals. The cases have been consolidated on appeal.

■ Section 5—25 provides:

"(a) Any person who, for profit or commercial purposes, knowingly captures or kills, possesses, offers for sale, sells, offers to barter, barters, offers to purchase, purchases, delivers for shipment, ships, exports, imports, causes to be shipped, exported, or imported, delivers for transportation, transports or causes to be transported, carries or causes to be carried, or receives for shipment, transportation, carriage, or export any aquatic life, in part or in whole of any of the species protected by this Code, contrary to the provisions of the Code, and that aquatic life, in whole or in part, is valued in excess of a total of $300, as per value specified in subsection (c) of this Section, commits a Class 3 felony.
*  *  *
(c) For purposes of this Section, the value of all species protected by this Code, whether dressed or not dressed, is as follows:

*  *  *

(3) For processed turtle parts, $6 for each pound or fraction of a pound. For each non-processed turtle, $8 per turtle.
(4) For frogs, toads, salamanders, lizards, and snakes, $2 per animal in whole or in part." 515 ILCS 5/5—25(a), (c)(3), (c)(4) (West 1992).

Section 5—25 does not in itself proscribe any specific behavior. Instead, section 5—25 enhances the penalty for various fishing regulation misdemeanors where the offender was a commercial fisherman or fished for profit. The legislature deemed an enhanced penalty appropriate in such cases because those who fish for profit have a

greater incentive to take aquatic life illegally than sport fishermen, and commercial fishermen have the means to take a far greater amount of fish than sport fishermen. See *People v. Hamm*, 149 Ill. 2d 201, 209-10, 595 N.E.2d 540, 543-44 (1992).

■ The essential elements of an enhanced section 5—25 charge based on possession are that defendant (1) for profit or commercial purposes, (2) knowingly (3) possessed (4) protected aquatic life, (5) contrary to the provisions of the Code, (6) valued in excess of $300. The key to the present case is element five. As section 5—25 is a compound offense, there must be an underlying or predicate violation before there can be liability. The predicate violation may be a violation of some other Code section or a violation of an administrative rule. Rules adopted by the Illinois Department of Conservation "shall be enforced in the same manner as are any other provisions of [the] Code." 515 ILCS 5/1—125 (West 1992). The supreme court has ruled, however, that it offends the due process and proportionate penalty clauses of the Illinois Constitution to base a section 5—25 felony charge on some of the more minor Code infractions. *Hamm*, 149 Ill. 2d at 217-19, 595 N.E.2d at 547-48.

Whether the State must plead and prove the defendant possessed aquatic life from Illinois lands or waters depends upon the nature of the underlying offense. The Code as a whole applies not only to aquatic life from Illinois, but also to aquatic life which is brought into Illinois. See 515 ILCS 5/5—10 (West 1992). However, certain portions of the Code apply only to aquatic life originating from Illinois. Article 10 of the Code applies "only to aquatic life in waters and lands wholly or in part within the boundaries of the State of Illinois." 515 ILCS 5/10—75 (West 1992). Article 10 is largely concerned with the means by which protected animals may be captured and taken, as well as size and creel limits. For example, section 10—60 of the Code under article 10 makes it unlawful to take turtles by use of seines. 515 ILCS 5/10—60 (West 1992). If a violation of section 10—60 predicates a section 5—25 offense, then the State must plead that the turtles were captured in Illinois waters. Likewise, certain administrative rules apply only to Illinois wildlife. Section 880.10 of title 17 of the Illinois Administrative Code provides that "[i]t is unlawful to take, possess, buy, sell, offer to buy or sell or barter any reptile, amphibian, or their eggs or parts taken from the wild in Illinois for commercial purposes unless otherwise authorized by statute." 17 Ill. Adm. Code § 880.10, at 17—880—1 (1994).

In contrast, section 25—20 of the Code may only be violated if the aquatic life comes from *outside* Illinois. 515 ILCS 5/25—20 (West 1992). Section 25—20 makes it unlawful to knowingly transport into

Illinois protected aquatic life that was illegally taken contrary to the laws, rules and regulations of the state of origin. Thus, a section 5—25 felony offense could be predicated upon importing muskellunge from Minnesota, if the fish were taken contrary to Minnesota law.

■ Here, neither the criminal information nor the civil forfeiture complaint specified which Code provision defendant violated by possessing snakes and turtles. The information merely parrots the language of section 5—25 in stating defendant's possession was "contrary to the provisions of that Code." In contrast, the complaints filed in *Hamm* listed specific Code violations that formed the basis of a section 5—25 charge. See *Hamm*, 149 Ill. 2d at 206-07, 595 N.E.2d at 542. Because the pleadings in the present case do not state the nature of the underlying Code violation, it is impossible to know whether the State must plead and prove that defendant took the snakes and turtles from Illinois waters.

■ The State contends defendant has waived on appeal any claim that the pleadings were defective for failing to specify an underlying offense because defendant moved to dismiss the pleadings solely on the grounds that they failed to allege the aquatic life was taken from Illinois waters. We disagree. The issue of what elements must be pled is intertwined with the necessity of pleading an underlying offense. When an information is attacked before trial, the information must strictly comply with the pleading requirements set forth in section 111—3(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111—3(a) (West 1992)). *People v. Hughes*, 229 Ill. App. 3d 469, 471, 592 N.E.2d 668, 669 (1992). Among the requirements of section 111—3(a) are that the complaint cite the statutory provision alleged to have been violated and set forth the nature and elements of the offense charged. 725 ILCS 5/111—3(a)(2), (a)(3) (West 1992). The mere allegation that defendant acted contrary to the provisions of the Code is insufficient to apprise defendant of the nature and elements of the offense where the various Code provisions may be violated in a multitude of ways. The trial court correctly dismissed the information and the forfeiture complaint.

For the foregoing reasons, the judgments of the circuit court of Logan County in case Nos. 94—CF—92 and 94—MR—49 are affirmed.

Affirmed.

STEIGMANN and GARMAN, JJ., concur.