NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220616-U

NO. 4-22-0616

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 18, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Lee County |
| ROY S. INMAN, | ) | No. 18CF232 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jacquelyn D. Ackert, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice DeArmond and Justice Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, finding (1) the trial court lacked jurisdiction to hear defendant's posttrial ineffective assistance of counsel claim and (2) defendant forfeited his sentencing challenge.

¶ 2    Following a bench trial, defendant, Roy S. Inman, was convicted of four counts of predatory criminal sexual assault of a child and sentenced to 48 years' imprisonment. On appeal, defendant argues (1) the trial court failed to comply with *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984) and (2) he was denied a fair sentencing hearing when the court relied on a misstatement of his prior criminal history as an aggravating sentencing factor. We affirm.

¶ 3                        I. BACKGROUND

¶ 4    In October 2018, the State charged defendant with six counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)) for committing acts of sexual contact with his daughter, A.I., who was under the age of 13 at the time of the acts. Defendant

waived his right to a jury trial and the matter proceeded to a bench trial in May 2022. Following a bench trial, defendant was convicted of four counts of predatory criminal sexual assault of a child. *Id*. As defendant was convicted on four of the six counts, we include only those facts necessary to address the issues raised on appeal.

¶ 5                                     A. Bench Trial

¶ 6        Jennifer Warrenfeltz, the principal at A.I.'s school, testified A.I. disclosed to her that defendant touched her and made her touch him. Warrenfeltz indicated A.I. was very upset during this conversation. According to A.I., the touching occurred when defendant and A.I. were in bed. Moreover, A.I. stated she also observed defendant touch her sister, M.I., or M.I. touch defendant. A.I. explained M.I. might lie because her parents told M.I. and A.I. to lie. After her meeting with A.I., Warrenfeltz contacted the Illinois Department of Children and Family Services.

¶ 7        Traci Mueller, a forensic interviewer for Shining Star Children's Advocacy Center, testified about her forensic interview with A.I. During their interview, A.I. disclosed defendant touched A.I.'s genitals with his hands and mouth and made A.I. touch defendant's genitals with her hands and mouth. A.I. indicated this occurred on more than one occasion.

¶ 8        A.I. testified she told the truth to Warrenfeltz and Mueller about what happened to her. In addition, she acknowledged defendant was her father and identified defendant in open court. On cross-examination, A.I. admitted she had been punished a few weeks earlier for biting her sister. Furthermore, defense counsel challenged A.I.'s testimony she saw defendant make M.I. suck on his penis because she could not see under the covers.

¶ 9        Julianna Inman, A.I.'s mother, testified A.I. had a history of lying about "small stuff," but not serious matters such as this. However, she indicated A.I. was lying if A.I. said her mother told her to say that nothing happened to her.

¶ 10        A.I.'s sister, M.I., testified defendant exposed his penis to her but she could not recall if defendant ever placed his penis in her mouth.

¶ 11        Defendant testified A.I. wanted him out of the house and hated him. Defendant insisted A.I. was lying and denied sexually abusing A.I. or M.I.

¶ 12        Following closing arguments, the trial court found defendant guilty on four of the six counts of predatory criminal sexual assault of a child.

¶ 13                                B. Sentencing

¶ 14        During the sentencing hearing, the trial court admitted defendant's presentence investigation report (PSI) without correction or objection from either party. The PSI contained all of defendant's previous convictions, including a conviction for aggravated criminal sexual abuse in 2005. When discussing defendant's prior record, defense counsel stated: "the Sex Abuse Class 2 in '05; that case involved a—I think a 15- or 16-year-old-girl though, nothing similar to this type of case."

¶ 15        The State requested 15-year consecutive sentences on each count, for an aggregate 60 years' imprisonment. Defendant asked the trial court to impose the minimum sentences of 6 years on all counts with (1) concurrent sentences for counts II and III, (2) concurrent sentences for counts V and VI, and (3) consecutive sentences for the two concurrent pairs, for an aggregate 12-year sentence.

¶ 16        When imposing the sentence, the trial court specifically mentioned statutory aggravating factors related to defendant's prior criminal history (730 ILCS 5/5-5-3.2(a) *et seq.* (West 2022)). The court also cited the need for deterrence where defendant had a "prior offense of a sexual assault of a child." The court noted in aggravation defendant's position of trust and authority as A.I.'s father and the serious harm he caused. The court sentenced defendant to

consecutive terms of 12 years' imprisonment on each count, for a total of 48 years in prison. Defendant was admonished of his right to an appeal.

¶ 17                                C. Postsentencing

¶ 18        On July 18, 2022, the circuit court clerk filed two *pro se* documents from defendant. In the first letter, defendant asked the circuit clerk's office to help him obtain the paperwork necessary to file an appeal and identify counsel to pursue the appeal. Defendant stated he was filing a notice of appeal alleging ineffective assistance of counsel and insufficient evidence. A docket entry by the clerk's office states, "After consultation with counsel[,] the Circuit Clerk's Office is taking Defendant Inman's Motion of Notice of Appeal as his request for the clerk of the circuit court to prepare a Notice of Appeal on his behalf."

¶ 19        This appeal followed.

¶ 20                                II. ANALYSIS

¶ 21        On appeal, defendant argues (1) the trial court erred when it failed to conduct a *Krankel* inquiry and (2) he was denied a fair sentencing hearing. We disagree.

¶ 22                                A. *Krankel* Inquiry

¶ 23        Through *Krankel* and its progeny, our supreme court established a procedure "intended to promote consideration of *pro se* ineffective assistance claims in the trial court and to limit issues on appeal." *People v. Patrick*, 2011 IL 111666, ¶ 41, 960 N.E.2d 1114. When a defendant brings a *pro se* posttrial claim of ineffective assistance to the court's attention, the defendant triggers a required two step procedure. *People v. Moore*, 207 Ill. 2d 68, 77-79, 797 N.E.2d 631, 637-38 (2003). First, the trial court must "conduct some type of inquiry into the underlying factual basis, if any, of a defendant's *pro se* posttrial claim of ineffective assistance of counsel." *Id.* at 79. Second, "if the allegations show possible neglect of the case, new counsel

- 4 -

should be appointed." *Id.* at 78. "The new counsel would then represent the defendant at [a] hearing on the defendant's *pro se* claim of ineffective assistance." *Id.* However, our supreme court has also stated, "once a notice of appeal has been filed, the trial court loses jurisdiction of the case and may not entertain a *Krankel* motion." *Patrick*, 2011 IL 111666, ¶ 39.

¶ 24                                      1. *Pro Se Filing*

¶ 25          In this case, defendant argues the trial court erred when it failed to conduct a *Krankel* inquiry after he filed a written document asserting ineffective assistance of trial counsel. Defendant contends his motion claiming ineffective assistance of counsel was filed before the circuit clerk prepared his notice of appeal, which occurred two days after defendant's *pro se* documents were filed. Further, defendant maintains his *pro se* filings were sufficient to trigger a *Krankel* inquiry and should not have been construed as a notice of appeal. According to defendant, his *pro se* filings were intended to seek information about how to properly file an appeal at a later date.

¶ 26          In support of his argument, defendant cites our decision in *People v. Bell*, 2018 IL App (4th) 151016, 100 N.E.3d 177. In *Bell*, the defendant was convicted of multiple counts of unlawful delivery of a controlled substance and unlawful possession of a controlled substance. *Id.* ¶ 1. On September 28, 2015, the trial court sentenced the defendant to three concurrent terms of 22 years' imprisonment. *Id.* ¶ 15. On September 30, 2015, the defendant's counsel filed a motion to reconsider the sentence. *Id.* ¶ 17. Two days later, on October 1, 2015, the defendant filed a *pro se* posttrial motion titled as "Motion of Leave Appeal," alleging ineffective assistance of counsel. *Id.* ¶ 19. During the December 2015 hearing on the motion to reconsider, the court did not inquire into the defendant's complaint about his counsel's performance. *Id.* ¶ 21. On appeal, the defendant argued, *inter alia*, that remand was necessary where (1) the court failed to conduct

an inquiry into his ineffective assistance claim and (2) his counsel provided ineffective assistance for failing to request a fitness hearing. *Id.* ¶ 24. The State conceded that the defendant's October 2015 ineffective assistance claim was sufficient to trigger the court's duty to conduct a preliminary *Krankel* inquiry. *Id.* ¶ 34. We agreed and remanded the matter for the trial court to conduct a preliminary inquiry. *Id.* ¶ 36.

¶ 27        We find this case distinguishable from *Bell*. In *Bell*, the defendant's trial counsel filed a motion to reconsider the sentence. The defendant then filed a *pro se* motion alleging ineffective assistance and captioned said motion as a motion for leave to appeal. We noted a defendant represented by counsel cannot file *pro se* motions except when the *pro se* motion is directed at their counsel's performance. *Id.* ¶ 28. Therefore, the defendant's *pro se* motion could only reasonably be interpreted as an ineffective assistance of counsel claim, which required a preliminary *Krankel* inquiry, rather than as a notice of appeal. Moreover, the defendant's pending ineffective assistance claim could have been addressed by the trial court during the December 2015 hearing on the pending motion to reconsider, but the court failed to consider it.

¶ 28        Here, unlike *Bell*, no postsentencing motion had been filed. Thus, defendant's filing could not be interpreted to have raised the claim during ongoing posttrial proceedings. Indeed, nothing was pending at the time defendant requested an appeal from the circuit clerk's office. Defendant's *pro se* filing with the circuit clerk contemporaneously expressed his desire to seek an appeal and challenge the sufficiency of the evidence, along with an ineffective assistance of counsel claim. As *Bell* applies when a trial court's duty to conduct a *Krankel* hearing is invoked prior to the notice of appeal, it provides limited assistance in the present matter. We also note that on appeal in *Bell*, the defendant continued to allege ineffective assistance of counsel. Conversely,

in this case, defendant abandoned his prior ineffective assistance claim and argues only that the court erred by denying him a fair sentencing hearing.

¶ 29 This case more closely resembles *People v. Darr*, 2018 IL App (3d) 150562, 95 N.E.3d 10. In *Darr*, the defendant filed a notice of appeal contemporaneously with a filing containing claims of ineffective assistance of counsel. *Id.* ¶ 93. The circuit clerk construed this as a single filing. *Id.* The defendant appealed, alleging, *inter alia*, the trial court erred in not conducting a preliminary *Krankel* inquiry. *Id.* ¶ 43. The third district appellate court disagreed, holding instead, "[w]hen [the] defendant filed his notice of appeal, even contemporaneously with his ineffectiveness claims, he had perfected his appeal and deprived the circuit court of jurisdiction." *Id.* ¶ 99. *Darr* reasoned that, once the notice of appeal was filed, the circuit court lost jurisdiction to conduct a *Krankel* inquiry and, had it conducted one, any ruling would have been void. *Id.* ¶ 93.

¶ 30 Here, defendant simultaneously filed two documents within 30 days of sentencing. The first document, which was addressed to the circuit clerk, requested the clerk's help with his appeal. Defendant's intention to file an appeal is evidenced by his request that the clerk provide him with the appropriate paperwork to file an appeal. Additionally, we note defendant asked the clerk for assistance in finding an attorney who handles appeals. Defendant's second document explicitly states defendant is "filing a motion of Notice of appeal of sentence." The second filing alleges multiple bases for defendant's appeal, including ineffective assistance of counsel and insufficiency of the evidence to support his guilt. We disagree with defendant's contention his *pro se* filing should not be construed as seeking an appeal.

¶ 31 Additionally, the trial court clearly interpreted defendant's *pro se* documents as a request for an appeal because it appointed appellate counsel on July 18, 2022. Given the court

understood defendant's *pro se* filing to be a notice of appeal, it was without jurisdiction to conduct a preliminary *Krankel* inquiry. See *id.* ¶ 89 ("Any ruling made by the circuit court in the absence of jurisdiction is void.").

¶ 32 Having concluded defendant's *pro* se filing was correctly construed as a notice of appeal, the trial court was without jurisdiction to conduct a preliminary *Krankel* inquiry. See *id.* Consequently, the court did not err in failing to hold a *Krankel* inquiry on defendant's ineffective assistance claim.

¶ 33 2. *Rejection of Initial Notice of Appeal*

¶ 34 Defendant next argues that because the notice of appeal filed by the circuit clerk on July 18, 2022, was initially rejected, the trial court retained jurisdiction to conduct a preliminary *Krankel* inquiry until his notice of appeal was accepted on July 20, 2022.

¶ 35 Even assuming, *arguendo*, the trial court retained jurisdiction until July 20, 2022, our conclusion does not change. Defendant was sentenced on June 29, 2022. Defendant was required to file any postsentencing motion or notice of appeal within 30 days of sentencing. Defendant's *pro se* documents were filed on July 18, 2022, which was within 30 days of final judgment. There were no other postsentencing motions pending. Defendant filed two documents: a notice of appeal and a contemporaneous claim of ineffective assistance of counsel, which the clerk concluded was a single filing.

¶ 36 As provided by Illinois Supreme Court Rule 606(a) (eff. Mar. 12, 2021), after a defendant is advised of his right to an appeal and "subsequently in writing" requests an appeal, "the clerk of the trial court shall prepare, sign, and file forthwith a notice of appeal for the defendant." This is precisely what occurred. The circuit clerk, on advice of counsel, interpreted defendant's *pro se* documents as a request for an appeal. Pursuant to Rule 606(a), the circuit clerk

filed a notice of appeal on defendant's behalf. The record shows on July 18, 2022, the circuit clerk attempted to file a notice of appeal on defendant's behalf, which was rejected for being incomplete. On July 20, 2022, the notice of appeal was accepted. While the specific reason the initial notice of appeal was rejected is unclear from the record, the circuit clerk promptly remedied the filing error and successfully filed a notice of appeal on July 20, 2022, thereby vesting this court with jurisdiction. See *id.* ("No step in the perfection of the appeal other than the filing of the notice of appeal is jurisdictional.").

¶ 37 Therefore, regardless of whether defendant's notice of appeal had been accepted for filing on July 18, 2022, or July 20, 2022, defendant sought an appeal at the same time he raised his ineffective assistance claims. However, once the notice of appeal was filed, the trial court lost jurisdiction to conduct a *Krankel* inquiry. *Patrick*, 2011 IL 111666, ¶ 39; *Darr*, 2018 IL App (3d) 150562, ¶ 99. As such, the court did not err in failing to hold a *Krankel* inquiry on defendant's ineffective assistance claim.

¶ 38                                   3. *Trial Counsel*

¶ 39 Defendant also alleges it was his trial counsel who advised the circuit clerk to file his notice of appeal, but he points to nothing in the record to support his contention the "counsel" referred to in the docket entry is, in fact, defendant's trial counsel. See *People v. Hughes*, 229 Ill. App. 3d 469, 474, 592 N.E.2d 668, 671 (1992) ("It is the responsibility of appellant to have prepared and submitted to this court a record sufficient to allow the review of an issue."). Thus, the record before us is insufficient for us to determine that it was defendant's trial counsel who advised the clerk. Further, defendant was not precluded from raising an ineffective assistance of counsel claim on appeal. *Darr*, 2018 IL App (3d) 150562, ¶ 99. As stated above, however, defendant declined to pursue these claims in this appeal.

¶ 40                              B. Sentencing Hearing

¶ 41           Defendant argues he was deprived a fair sentencing hearing when the trial court misstated his prior criminal history and relied upon the misstatement in aggravation to increase his sentence. Defendant acknowledges he failed to properly preserve this issue for appeal but contends we may excuse his forfeiture pursuant to the plain-error doctrine.

¶ 42           The plain-error doctrine is a "narrow and limited exception" allowing reviewing courts to excuse a defendant's forfeited claim of error. *People v. Hillier*, 237 Ill. 2d 539, 545, 931 N.E.2d 1184, 1187 (2010). For the doctrine to apply in a sentencing context, a defendant has the burden of first demonstrating a clear or obvious error occurred. *Id.* If a defendant satisfies this burden, then he must show "the error was so egregious as to deny the defendant a fair sentencing hearing." *Id.* If either element is not met, "the procedural default will be honored." *Id.* Whether a forfeited claim is reviewable as plain error is a question of law reviewed *de novo*. *People v. McLaurin*, 235 Ill. 2d 478, 485, 922 N.E.2d 344, 349 (2009).

¶ 43           "There is a strong presumption that the trial court based its sentencing determination on proper legal reasoning, and a court of review should consider the record as a whole, rather than focusing on a few words or statements by the trial court." (Internal quotation marks omitted.) *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 103, 126 N.E.3d 703. However, while the sentencing court may rely on reasonable inferences from the evidence in entering a defendant's sentence, it may not base its sentencing decision on speculation. *People v. Robinson*, 2015 IL App (1st) 130837, ¶ 92, 35 N.E.3d 1095. "The defendant bears the burden to affirmatively establish that [his] sentence was based on an improper factor." *Sturgeon*, 2019 IL App (4th) 170035, ¶ 103.

¶ 44   Defendant contends the trial court improperly emphasized the need for deterrence due to his prior sexual assault of a child offense when he had no prior conviction for sexual assault of a child. When sentencing defendant, the court stated:

> "Specifically, I'd like to note in terms of Sentencing the prior conviction of a similar offense. I agree with the State that the—the Aggravating Factor No. 3, especially in light of this prior offense, and Aggravation Factor No. 7, the deterrence Aggravating Factor really come into play in this situation when we have a prior offense of a sexual assault of a child ***."

Defendant points to his PSI, which indicates he was previously convicted of aggravated criminal sexual abuse (720 ILCS 5/12-16) (West 2004)), a Class 2 felony, in 2005. Defendant maintains no evidence was presented to support the court's finding he had been convicted of criminal sexual assault of a *child*.

¶ 45   The State argues the trial court did not misstate defendant's record but was correct when describing defendant's previous aggravated criminal sexual abuse conviction. According to the State, it was defendant's trial counsel who indicated the aggravated criminal sexual abuse conviction involved a 15- or 16-year-old girl.

¶ 46   We disagree with defendant's assertion nothing in the record suggests his history includes criminal sexual assault of a child. Our review of the records reveals the PSI contains a list of defendant's previous convictions, including one for aggravated criminal sexual abuse. While defendant's 2005 conviction for aggravated criminal sexual abuse does not necessarily require the victim be a child, it also does not exclude the offense from involving a child. See *id.* § 12-16(b), (c)(1),(2), (d), (f). Moreover, it was defendant's trial counsel that informed the trial court that defendant's prior conviction involved a child, stating, "[T]he Sex Abuse Class 2 in '05; that case

- 11 -

involved a—I think a 15- or 16-year-old-girl though, nothing similar to this type of case." Nothing in the record rebuts trial counsel's assertion. As such, we decline defendant's invitation to take the court's statements during sentencing out of context to support his position, especially where the record does not demonstrate the court relied on an improper sentencing factor. Because we find defendant has failed to establish clear or obvious error occurred, his forfeiture of this issue cannot be excused under the plain-error doctrine.

¶ 47                                        III. CONCLUSION

¶ 48            For the reasons stated, we affirm the trial court's judgment.

¶ 49            Affirmed.