THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RICHARD HEFFRON, Defendant-Appellant.

Fourth District   No. 4—92—0571

Opinion filed December 31, 1992.

Alan J. Novick, of Jennings, Novick, Taseff, Smalley & Davis, of Bloomington, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

This case presents the question of whether the sufficiency of a traffic ticket can be successfully attacked for the first time by a motion in arrest of a judgment of conviction and sentence (Ill. Rev. Stat. 1989, ch. 38, par. 116—2) when the ticket states that the accused is charged with reckless driving and cites the statutory provision creating this offense (Ill. Rev. Stat. 1989, ch. 95½, par. 11—503(a)), but does not set forth any particulars of the conduct claimed to be reckless. We hold that the challenge comes too late and the ticket is sufficient to support the conviction.

On October 17, 1991, a uniform citation and complaint form, meeting the requirements of Supreme Court Rule 552 (134 Ill. 2d R. 552), was filed in the circuit court of McLean County charging defendant Richard Heffron with the State offense of reckless driving. The reference to the offense was as described in the previous paragraph. After a bench trial, the court entered an order on April 28, 1992, finding defendant guilty. On April 30, 1992, defendant filed a motion in arrest of judgment contending the proof was insufficient to support the verdict and that the charging instrument was defective because of its failure to describe how defendant had been negligent. On June 16, 1992, the court denied the motion in arrest of judgment and sentenced defendant to 18 months of court supervision, fined him $100 and ordered him to pay court costs. Defendant appeals. We affirm.

Defendant relies on *People v. Griffin* (1967), 36 Ill. 2d 430, 223 N.E.2d 158, and *People v. Podhrasky* (1990), 197 Ill. App. 3d 349, 554 N.E.2d 578. In both of those cases charges of reckless driving in much the same form as here were held to be insufficient to advise the accused of the nature of the conduct of which he was charged. However, the charge in those cases was an information and not a traffic ticket, as here. The State relies upon *People v. Tammen* (1968), 40 Ill. 2d 76, 237 N.E.2d 517, and a number of appellate decisions including that of *People v. Sikes* (1986), 141 Ill. App. 3d 773, 491 N.E.2d 168. Those cases involved traffic tickets, as here, but did not concern charges of reckless driving as did *Griffin* and *Podhrasky*.

In *Griffin*, as here, the sufficiency of the charging instrument was challenged, for the first time, by a motion in arrest of judgment. That defendant relied upon the decision in *People v. Green* (1938), 368 Ill. 242, 13 N.E.2d 278, where the supreme court had held that an information charging reckless driving was invalid when

it failed to set forth the nature of the alleged recklessness. The *Green* decision explained the accused could not tell from the information whether he (1) was alleged to have been intoxicated, (2) had been driving on the wrong side of the road or on the sidewalk, (3) driving without brakes, or (4) had run a red light. The *Green* court held that the charge also failed to set forth the time and place of the offense with enough clarity.

The *Griffin* court held that the failure to allege the time and place of the offense would no longer invalidate the charge after verdict because that information could have been obtained by a bill of particulars. However, the *Griffin* court noted the lack of description of the particular acts with which the defendant was charged and the nature and elements of the offense. That court concluded that those factors negated that defendant's ability to exercise his right against double jeopardy by pleading a judgment in that case in a subsequent case, which might arise in the future concerning his driving at the time in question. The opinion also indicated that the charge needed to be sufficiently specific to permit the accused to prepare a defense.

The charging instrument in *Podhrasky*, as in *Griffin*, but unlike here, was an information. It charged reckless driving and, as in both of those cases, merely cited the statute but did not describe the manner in which the accused was reckless. The *Podhrasky* opinion does not reveal when the question of the specificity of the information was raised but held that there, as in *Griffin*, the vague nature of the information deprived that defendant of the ability to exercise his right against double jeopardy. As that defendant claimed an alibi defense, the appellate court concluded that his ability to make that defense was not impaired by the failings of the information.

■■ In *Tammen*, the accused was charged in an "Illinois Uniform Traffic Ticket and Complaint," as prescribed by Supreme Court Rule 552, with the offense of drag racing (Ill. Rev. Stat. 1967, ch. 95½, par. 145.1). Apparently, no question was raised as to the form of the ticket until appeal and, clearly, no challenge was made prior to conviction. There, as here, the ticket merely mentioned the offense of drag racing and set forth a statutory citation which was wrong. That court stated:

> "The constitutional right of a defendant to know the nature and cause of the accusation means that the offense charged be set forth with all necessary certainty so that defendant will be able to intelligently prepare his defense and to pre-

vent his being tried a second time for the same offense after being once put in jeopardy. (*People v. Griffin*, 36 Ill. 2d 430[, 223 N.E.2d 158]; *People v. Peters*, 10 Ill. 2d 577[, 141 N.E.2d 9].) The modern trend is to do away with technicalities of pleading and stress simplicity which does not detract from clarity in order that the accused will understand the charge against him." *Tammen*, 40 Ill. 2d at 77-78, 237 N.E.2d at 518.

The *Tammen* court then explained that section 111—3 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1967, ch. 38, par. 111—3) had been designed to meet the foregoing constitutional rights of a defendant in regard to charging, while at the same time reducing technicality and promoting simplicity. The supreme court noted that the traffic ticket provided for by Supreme Court Rule 552 contained all the requirements of section 111—3 of the Code except for the requirement of section 111—3(a)(3) to set forth the nature and elements of the charged offense. The court then stated:

"Inasmuch as the Uniform Traffic Ticket is only used for misdemeanors, is written by an arresting officer rather than a State's Attorney and is generally written at the time the offense is committed, we believe that naming the offense and citing it is sufficient and will generally be understood by the person charged. Under section 111—6 [of the Code] (Ill. Rev. Stat. 1967, chap. 38, par. 111—6) the accused may request a bill of particulars which will enable him 'to prepare his defense.' We hold that a conviction based on a Uniform Traffic Ticket naming an offense and citing the statutory provision, where there is no objection to the sufficiency of the ticket or request for a bill of particulars, will not be set aside for failure to comply with section [111—3(a)(3)]." *Tammen*, 40 Ill. 2d at 78-79, 237 N.E.2d at 518-19.

In *Sikes*, we followed *Tammen* in holding that a traffic ticket in the form provided by Supreme Court Rule 552, which merely described the offense as making an improper right turn (Ill. Rev. Stat. 1983, ch. 95½, par. 11—801) and gave the statutory citation, could not be attacked successfully after judgment. We followed *People v. Domovich* (1980), 91 Ill. App. 3d 870, 414 N.E.2d 290, in interpreting *Tammen* to speak to the sufficiency of traffic tickets to meet attack after trial has started. In *Domovich*, the offense involved was leaving the scene of an accident.

■ All of the cases to which we have referred were decided prior to a fairly recent amendment to section 116—2 of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 116—2) which provides for motions in arrest of judgment. (See Pub. Act 86—391, eff. August 30, 1989 (1989 Ill. Laws 2495).) That amendment added subsection (c) to section 116—2 so that section 116—2 now states in its entirety as follows:

"Motion in arrest of judgment. (a) A written motion in arrest of judgment shall be filed by the defendant within 30 days following the entry of a verdict or finding of guilty. Reasonable notice of the motion shall be served upon the State.

(b) The court shall grant the motion when:

(1) The indictment, information or complaint does not charge an offense, or

(2) The court is without jurisdiction of the cause.

(c) A motion in arrest of judgment attacking the indictment, information, or complaint on the ground that it does not charge an offense shall be denied if the indictment, information or complaint apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution out of the same conduct." Ill. Rev. Stat. 1991, ch. 38, par. 116—2.

The effect of the addition of section 116—2(c) was to place the sufficiency of the indictment, information or complaint in the same posture, when first raised in a motion in arrest of judgment, as would be the case if the issue was raised first on appeal. As explained by this court in *People v. Hughes* (1992), 229 Ill. App. 3d 469, 471-72, 592 N.E.2d 668, 669, the decisions in *People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440, and *People v. Gilmore* (1976), 63 Ill. 2d 23, 29, 344 N.E.2d 456, 460, had held that the sufficiency of those charges, when raised first *on appeal* need only be sufficient to enable a defendant to prepare a defense and to plead a conviction in bar to a subsequent prosecution for the same conduct. In *People v. Lutz* (1978), 73 Ill. 2d 204, 210, 383 N.E.2d 171, 173, and *People v. Smith* (1984), 99 Ill. 2d 467, 470, 459 N.E.2d 1357, 1359, the supreme court had held that under the wording of section 116—2 of the Code, when a motion in arrest of judgment was made, the charge was not to be tested by the more lenient standard applicable when the issue was not raised until appeal. The *Smith* court suggested legislation making the appellate standard applicable might be desirable and section 116—2(c) was en-

acted in apparent response to that suggestion. See also *Hughes*, 229 Ill. App. 3d at 472-73, 592 N.E.2d at 670.

We need not decide whether the traffic ticket upon which defendant was convicted meets the *Pujoue* or *Gilmore* test codified in section 116—2(c) of the Code because we deem the *Tammen* decision to still be the proper test to apply to a traffic ticket the sufficiency of which is tested by a motion in arrest of judgment.

■ Defendant properly emphasizes that the offense of reckless driving involved in *Griffin, Podhrasky*, and here can be committed in many more ways than the offenses involved in the cases cited by the State. We recognize that a logical argument can be made that the nature and elements of the offense should be required in traffic tickets when reckless driving is charged. However, *Tammen* was decided several terms after *Griffin* and the definite tenor of *Tammen* was that leeway should be given in the drafting of all traffic tickets because they were drafted on a form by nonlawyer police officers, and only misdemeanors were involved and the defense could request a bill of particulars. The drag racing offense in *Tammen* and the making of an improper right turn in *Sikes* could have been committed in more than one way. We conclude that the decisive factor in determining whether the nature and elements of an offense must be alleged to sustain a conviction is not the variety of ways an offense may be accomplished but whether the charge is that covered by Supreme Court Rule 552.

The parties dispute as to whether defendant could be recharged if we reversed and permitted the judgment of conviction and sentence to be arrested. Defendant maintains double jeopardy principles would prevent a new charge. As we are affirming, we need not address that issue.

For the reasons set forth, we affirm.

Affirmed.

COOK and LUND, JJ., concur.