THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEO F. CARROLL, Defendant-Appellant.

Fourth District    No. 4—93—0504

Opinion filed March 25, 1994.—Rehearing denied April 22, 1994.

Anthony B. Cameron, of Quincy, for appellant.

Charles Colburn, State's Attorney, of Jacksonville (Norbert J. Goetten, Robert J. Biderman, and Leslie Hairston, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

In March 1993 defendant pleaded guilty to three counts of forgery (Ill. Rev. Stat. 1991, ch. 38, par. 17—3(a)(2)) and in May 1993 was sentenced to three concurrent two-year terms in prison. He thereafter filed motions to vacate his plea and reconsider sentence, which were denied. On appeal, defendant, an attorney who has surrendered his license to practice law in Illinois, contends the trial court erred in denying his request for treatment under provisions of the Illinois Alcoholism and Other Drug Dependency Act (Act) (Ill. Rev. Stat.

1991, ch. 111$^1$/$_2$, par. 6351—1 *et seq.*). Irrespective of the Act, defendant contends the trial court failed to properly consider factors in mitigation in denying defendant a probationary sentence. Defendant also claims the information failed to state a proper charge and that the State breached its plea agreement.

Section 10—102 of the Act (Ill. Rev. Stat. 1991, ch. 111$^1$/$_2$, par. 6360—2) requires a trial court that has reason to believe an eligible defendant is an addict or alcoholic to advise him that he may be placed on probation if he elects to submit to treatment. If he so elects, the court shall order an examination by a designated program to determine whether he is an alcoholic. At the sentencing hearing, defense counsel advised the trial court that documents appended to the presentence report sufficiently demonstrated that defendant is an alcoholic and that he found no need for further examination. The presentence report noted that defendant had been sober for the last 11 months and concluded there was sufficient evidence to allow defendant to be sentenced under the Act.

In addition to this report, Fred Lauder, a certified alcohol and drug abuse clinician, testified that defendant is an alcoholic in need of continued treatment. The trial court also heard testimony of the developmental health superintendent and an employee assistance coordinator for defendant's employer. Both testified to defendant's completion of an inpatient program for employees suffering from alcoholism. Finally, the trial court heard testimony of defendant and his wife concerning his condition. Virtually no evidence was heard casting any doubt whatsoever on the conclusion that defendant was an alcoholic at the time of his crimes and remains so today.

At the close of evidence, the trial court reviewed that portion of the statute requiring it to order an examination by a designated program and asked if it was defendant's position that this evidence had already been presented. Defense counsel stated that it was and agreed to waive any additional examination under the Act.

In sentencing defendant, the trial court first noted section 1—103 of the Act, which defines an "alcoholic" as a person suffering from an illness characterized by preoccupation with alcohol, typically associated with physical disability and impaired emotional, occupational, or social adjustments as a direct consequence of loss of control over consumption of alcohol. (Ill. Rev. Stat. 1991, ch. 111$^1$/$_2$, par. 6351—3.) Applying this definition to the case at hand, the trial court found no preoccupation with alcohol, since defendant had been sober for the last 11 months. The court also noted that defendant is not presently under a doctor's care and distinguished this from the statutory definition of an alcoholic, which associates the illness with

physical disability. The court also found that defendant has worked a regular job and was considered generally reliable since completion of his inpatient treatment. This also differed from the statutory definition, which associates alcoholism with impaired occupational or social adjustments. The trial court noted that its conclusion on this matter was in conflict with testimony of a certified drug and alcohol clinician who stated that many alcoholics are able to hold a regular job. The trial court concluded that defendant had not shown sufficient proof he is an alcoholic as defined in the Act. However, for purposes of discussion, the trial court assumed that this threshold requirement had been met and proceeded to discuss other requirements of the Act.

If a trial court finds defendant to be an alcoholic, it must sentence him to probation unless:

> "[In] giving consideration to the nature and circumstances of the offense and to the history, character and condition of the individual, the court is of the opinion that no significant relationship exists between the addiction or alcoholism of the individual and the crime committed ***." Ill. Rev. Stat. 1991, ch. 111$^{1}$/$_{2}$, par. 6360—2.

Based upon the factual basis for defendant's forgery convictions given at the preliminary hearing on defendant's guilty plea, the trial court found no evidence that these offenses were committed in an effort to raise money to support an alcoholic habit. The court acknowledged that one offense actually resulted in a loss of money to defendant, while a second forgery resulted in no gain at all. The trial court denied treatment under the Act on the basis that there was no significant relationship between the alcoholism of the individual and the crime committed.

It is well settled that a defendant does not have an absolute right to the treatment alternative provided by the Act. A trial court has broad discretion to deny or grant a defendant's request to participate in the treatment program. (*People v. Meeks* (1992), 236 Ill. App. 3d 193, 197-98, 603 N.E.2d 757, 760.) A trial court's determination of defendant's eligibility under the Act will not be reversed on appeal, absent a showing that the trial court acted in an arbitrary manner or abused its discretion. *People v. Douglas* (1990), 200 Ill. App. 3d 186, 188-89, 558 N.E.2d 614, 616.

■ Evidence was overwhelming that defendant does in fact suffer from alcoholism and is in need of continued treatment. The trial court's conclusion, based upon defendant's 11 months of sobriety and his apparent ability to hold down a job, sends a clear message to those seeking treatment under the Act—any successful effort to

control your disease or seek treatment prior to sentencing will be held against you. The fact that virtually no evidence was presented casting any doubt upon defendant's condition, combined with the trial court's misguided analysis under the statutory definition of alcoholism, has resulted in a ruling which is clearly arbitrary.

The trial court's ultimate reason for denying sentencing under the Act was that it found no significant relationship between the alcoholism and the criminal acts. We question how it would be possible to discover *any* relationship between a crime and alcoholism where the trial court refuses to believe the alcoholic condition even exists. The mere fact that defendant did not offer proof that proceeds of the forgeries were spent for liquor is inconsequential. We cannot offer a strict definition of the "significant relationship" necessary for consideration of treatment under the Act. However, limiting the scope of the Act to those crimes committed for the sole purpose of purchasing alcohol evidences a misunderstanding of the nature of alcoholism and a myopic interpretation of the statute. We reverse and remand for sentencing. The effect of the alcoholism on defendant's judgment must be considered in deciding whether a relationship existed.

■■ Defendant contends the trial court's decision should be reversed on the basis that a defendant cannot be allowed to waive an examination to determine alcoholism. We find no case law on this issue and, in light of the above holding, have no need to address it. Defendant also contends that the trial court failed to consider factors in mitigation, claiming the trial court merely concluded that probation would deprecate the seriousness of the crime. Our review of the record indicates the trial court stated it had considered factors in aggravation and mitigation, the nature and circumstances of the offense, and the history, character, and condition of the defendant. We find substantial compliance with section 5—5—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3). Defendant also contends the prosecutor breached his plea agreement by stating, in effect, that he had no objection to defendant's sentencing under the Act as long as he could meet his burden. We find no merit in this argument. The record is clear that the State offered no resistance to defendant's sentencing under the Act.

Finally, defendant contends the information failed to state a proper charge in counts II and III. In each case the document reads, in relevant part, that "in violation of Section 17—3(a)(2) of Chapter 38 of the Illinois Revised Statutes," defendant, with the intent to defraud, knowingly delivered to the Farmers State Bank a document apparently capable of defrauding another, in that it was purported to

have been made by another, this document being a check and signed as maker, Frances Turwische (or, in count III, Janice Williams). A copy of the check in question was attached to each information. Defendant points out that neither Frances Turwische nor Janice Williams was the maker of these checks. The documents also failed to state that defendant had signed the check without authorization. Accordingly, defendant contends the prosecution failed to explain in summary fashion why the document was apparently capable of defrauding another.

■ Section 111—3 of the Code of Criminal Procedure of 1963 (Code) provides that a charging instrument must set forth the nature and elements of the offense charged. (Ill. Rev. Stat. 1991, ch. 38, par. 111—3.) Here, defendant first raised the sufficiency of the counts of the information in his motion to withdraw guilty plea, so it is section 111—3, rather than section 116—2 of the Code and its standard (see *People v. Heffron* (1992), 239 Ill. App. 3d 932, 936-37, 606 N.E.2d 805, 808-09; *People v. Hughes* (1992), 229 Ill. App. 3d 469, 592 N.E.2d 668), that applies. An indictment which charges an offense in the language of the statute is sufficient, if the words of the statute particularize the offense so that an accused is apprised, with reasonable certainty, of the precise offense. (*People v. Hockaday* (1982), 93 Ill. 2d 279, 282, 443 N.E.2d 566, 568.) We find these charging documents fully apprise defendant of the precise offense.

On remanding, we hesitate to suggest proper sentences, and we recognize sentencing is the responsibility of the trial court. Sentences will not be reversed absent an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.) Criminal acts by lawyers stir the wrath of those of us (judges and attorneys) who uphold the ethics of our profession. However, we must not allow that wrath to cloud our recognition of the disastrous effects of alcoholism. We also must recognize that treatment and probationary supervision can be far more productive and much less expensive than penitentiary confinement.

Here, restitution has been made. The license to practice is gone— very possibly forever. A two-year sentence to the Department of Corrections, assuming good-time credit, will result in a one-year confinement. A probationary term will allow for up to 30 months of court-ordered supervision over defendant's activities and his alcoholism treatment. Furthermore, a violation of the probationary conditions can result in a penitentiary sentence of between two and five years.

Probation may avoid confinement costs to the public and could result in defendant's providing support for his family. Additional

space would be available in our overcrowded correctional institutions for those committing crimes of violence. Perhaps probation in this case is far more valuable to the public than confinement.

Reversed and remanded.

KNECHT and GREEN, JJ., concur.