Leo CARROLL, Plaintiff,

v.

**ILLINOIS DEPARTMENT OF MENTAL HEALTH AND DEVELOPMENTAL DISABILITIES, Defendant.**

No. 97–3263.

United States District Court,
C.D. Illinois,
Springfield Division.

Oct. 23, 1997.

Leo Carroll, Jacksonville, IL, pro se.

Deborah L. Barnes, Springfield, IL, for Defendant.

### *OPINION*

RICHARD MILLS, District Judge.

An employer discharges an employee for misconduct that occurred prior to his employment.

The employee pleads guilty to forgery during his employment.

He alleges that his misconduct was caused by his alcoholism.

Can the employee properly sue under the ADA?

No.

## I. FACTS

Leo Carroll ("Carroll") filed an action in this Court seeking relief under the Americans With Disabilities Act ("the ADA"), 42 U.S.C. § 12101 *et seq.*, against his former employer, the Illinois Department of Mental Health and Developmental Disabilities ("the Department"). Carroll alleges that he was discharged for conduct that was caused by his disability, namely alcoholism.

Carroll was employed with the Department from July 20, 1988 until June 1993 and from August 1994 to June 1995[1]. Carroll entered a treatment program for alcoholism through the Department's Employee Assistance Program in February of 1992 and successfully completed the program.

In August of 1992, Carroll, an attorney admitted in Illinois, was charged with three counts of forgery. The forgery charges stemmed from a number of ethical violations Carroll committed while practicing law in 1986 and 1987. Those violations first led to his voluntary removal of his name from the roll of attorneys and eventually led to his disbarment. According to Carroll, the Department was aware at the time it hired him that he might be subject to criminal charges for those occurrences.

Carroll told his supervisor, prior to entering his pleas of guilty, that he intended to do so as part of his alcoholism recovery process. Carroll was told that pleading guilty would not affect his job. On March 9, 1993, Carroll pleaded guilty to all three counts.

In April 19, 1993, Carroll was discharged by the Department because of his pleas of guilty. The initial charge for discharge included three charges. Charge one alleged Carroll was unsuitable for continued employment because of his guilty pleas. Charge two alleged Carroll committed conduct unbecoming a state employee, *i.e.*, pleading guilty to charges of forgery. Charge three, later superseded, was based on imposition of a prison sentence[2].

Carroll challenged his discharge to the Illinois Civil Service Commission. The hearing officer for the Commission found that the charges for discharge had been proved. Yet, he declined to discharge Carroll based on his legal conclusion that the Department was estopped from firing Carroll because of Carroll's claim that he had been told by his supervisor that his guilty pleas would not affect his employment.

The Department appealed that ruling to the Circuit Court for the Seventh Judicial Circuit in Sangamon County, which reversed the Civil Service Commission. Carroll then appealed to the Fourth District Appellate Court. The appellate court affirmed the circuit court's reversal of the Civil Service Commission and held that the Department was not estopped by the unauthorized assertion of its agent from discharging Carroll for conduct unbecoming a state officer.

On June 24, 1997, Carroll filed the instant suit alleging that he is a qualified individual with a disability as described in the ADA. According to Carroll, the acts giving rise to the charges to which he pled guilty were caused by his disability (alcoholism) and therefore the discharge was based on his disability. Consequently, he argues, the Department intentionally discriminated against him due to his disability in violation of the ADA, 42 U.S.C. § 12101, *et seq.*

---

1. The reason for the break in Carroll's employment is that after Carroll was terminated, he appealed his discharge to the Civil Service Commission, which held that the Department was estopped from discharging Carroll. When the Department filed a complaint for administrative review with the circuit court, challenging the Civil Service Commission's decision, Carroll sought and received an order from the court reinstating him to his employment with the Department pending the outcome of the administrative review process. When the circuit court ruled in favor of the Department, Carroll was again terminated.

2. This charge was superseded because Carroll's term of imprisonment was reversed by the appellate court in *People v. Carroll*, 258 Ill.App.3d 371, 630 N.E.2d 1337, 197 Ill.Dec. 213 (1994). On resentencing, Carroll was sentenced pursuant to the Illinois Alcoholism and Other Drug Dependency Act.

The Department filed a motion to dismiss, or in the alternative, a motion for summary judgment. Because the Department included matters outside the pleading in its motion, the Court will treat the motion as one for summary judgment rather than a motion to dismiss. *See* Fed.R.Civ.P. 12(b).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c); *see Ruiz–Rivera v. Moyer*, 70 F.3d 498, 500–01 (7th Cir.1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In determining whether a genuine issue of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Howland v. Kilquist*, 833 F.2d 639 (7th Cir.1987).

## III. ANALYSIS

The Department argues that collateral estoppel bars Plaintiff from relitigating the issue of the grounds for his discharge from the Department. The prior state administrative and judicial proceedings established that Plaintiff was discharged for pleading guilty to forgery. According to the Department,

the Court may apply those facts to this proceeding.

This Court must apply the state preclusion rules because the first case was decided in state court. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). In Illinois, for collateral estoppel to apply, the following elements must be proven: 1) the issue decided in the prior adjudication must be identical with the one presented in the case in question; 2) there must have been a final judgment on the merits; and 3) the party against whom the estoppel is asserted must be a party, or in privity with a party, to the prior adjudication. *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 159 Ill.2d 137, 152, 636 N.E.2d 503, 510, 201 Ill.Dec. 71, 78 (Ill.1994), citing *Ballweg v. City of Springfield*, 114 Ill.2d 107, 113, 499 N.E.2d 1373, 1375, 102 Ill.Dec. 360, 362 (1986).

The Department argues that all those elements are present here: 1) the issue in the administrative discharge proceedings was the grounds for Plaintiff's discharge (forgery) and the Fourth District Appellate Court recognized that Plaintiff attributed his illegal acts to work pressure and alcoholism; 2) a final judgment has been entered on the merits; and 3) Plaintiff was a party in the prior adjudication.

Plaintiff counters that the issues in the two cases are not identical. To qualify for relief under the Americans with Disabilities Act ("ADA"), a plaintiff must establish three general elements: (1) that he is a disabled person under the ADA; (2) that he is qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) he has suffered an adverse employment action because of his disability. *Miller v. Department of Corrections of the State of Illinois*, 916 F.Supp. 863, 866 (C.D.Ill.1996), *aff'd* 107 F.3d 483 (1997), citing *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir.1995). Plaintiff argues that those issues were not decided by the state administrative and judicial proceedings.

Yet, in his pleadings, Plaintiff states that he was discharged because he pleaded guilty

to forgery. It appears to the Court that all the Department is attempting to establish through collateral estoppel is that Plaintiff's pleas of guilty to forgery were the grounds for his discharge and that those grounds were found to be sufficien'. to justify his discharge. Therefore, the Court finds that Plaintiff is collaterally estopped from relitigating those limited issues in this Court.

■ Having determined that Plaintiff is collaterally estopped from relitigating the reason for his discharge and whether that reason was sufficient, the Court turns to whether the Department is entitled to summary judgment on Plaintiff's claim that the Department violated the ADA.

Plaintiff's claim is that because the acts giving rise to the charges to which he pleaded guilty (forgery) were caused by his disability (alcoholism), his discharge was based on his disability and violated the ADA. Consequently, the Court must determine whether the Department violated the ADA by terminating an employee for pleading guilty to acts allegedly caused by the employee's alcoholism.

The Court finds that it did not.

■ First, the ADA itself provides:
A covered entity—

.    .    .    .    .

(4) may hold an employee ... who is an alcoholic to the same qualification standards for employment or job performance and behavior that such entity holds other employees, even if any unsatisfactory performance or behavior is related to the ... alcoholism of such employee;

42 U.S.C. § 12114(c)(4). The Court interprets this to mean that so long as the reason for discharge was for conduct that any person would have been disciplined for doing, the fact that alcoholism may have caused the conduct does not lead to an ADA violation. Decisions in numerous courts in other districts support this conclusion.

For example, in *Rollison v. Gwinnett County*, 865 F.Supp. 1564 (N.D. Georgia 1994), the plaintiff, a terminated policeman, argued that the Chief of Police, the Assistant Chief of Police, and the county unlawfully

forced his resignation in violation of the ADA. The plaintiff was terminated for his off-duty behavior, which included fights, domestic altercations, and a traffic violation. *Id.* at 1572. Prior to some of the incidents, the plaintiff had consumed alcohol. *Id.* at 1568. The plaintiff argued that his alcoholism was a disability and that he was fired due to his disability. *Id.* at 1572. The court disagreed. It found that "[u]nder the ADA the employer is allowed to terminate and not accommodate an alcoholic employee, *if* the employee does not perform up to the same standard as all other employees, even if the behavior is related to the employee's alcoholism." *Id.* (emphasis in original). Because there was no evidence that the plaintiff was discharged because of his alcoholism, and because the evidence was that he was discharged because of his off-duty behavior, the plaintiff did not meet the standards of behavior required by plaintiff's employer. *Id.* at 1572–73. Therefore, summary judgment was granted to the defendants. *See also Adamczyk v. Chief, Baltimore County Police Dep't*, 952 F.Supp. 259, 264 (D.Md.1997) (holding that employer may demote alcoholic employee for offensive conduct which violates its own rules and regulations); *Maddox v. University of Tennessee*, 907 F.Supp. 1144 (E.D.Tenn.1994), *aff'd* 62 F.3d 843 (6th Cir. 1995) (finding that if employer could have discharged a non-alcoholic employee for the same conduct, then alcoholic employee may be discharged without violating the ADA).

Similarly, Plaintiff here was discharged for pleading guilty to charges of forgery. The Department believed that Plaintiff's doing so made him unsuitable for continued employment and constituted conduct unbecoming a state employee. The state judicial and administrative proceedings found those reasons sufficient to discharge Plaintiff. Thus, there is no evidence that Plaintiff was discharged because of his alcoholism. The evidence is that he was discharged for conduct unbecoming a state employee.

The fact that the conduct occurred prior to his employment with the Department, a fact Plaintiff argues in an attempt to distinguish *Rollison,* is insignificant. As has been determined, Plaintiff was fired not because he

committed forgery (the acts that occurred in 1986 and 1987) but because he pleaded guilty to the charges while he was employed with the Department. Although arguably a fine line, it is clear from the appellate court decision that one of the concerns of the employer was whether Plaintiff's pleas of guilty to forgery adversely affected Plaintiff's credibility with the labor unions, with whom Carroll had to deal on a regular basis. As is reflected in the initial charges for discharge against Plaintiff, it was the conduct of pleading guilty that led to Plaintiff's discharge.

## IV. CONCLUSION

The state administrative and judicial proceedings determined that Carroll was discharged for pleading guilty to forgery and that such conduct warranted discharge. Even if the conduct underlying his pleading guilty was a result of his alcoholism, the Department did not violate the ADA by discharging Carroll because an employer may hold an alcoholic to the same standard as other employees. Consequently, the Department is entitled to summary judgment and the motion for summary judgment is granted. Each party is to bear its own costs.

SO ORDERED.

CASE CLOSED.